# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LEE STRICKLAND | § | |
|    Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00944-C |
| | § | JURY DEMAND |
| TRENT PROFFITT, M.D.; | § | |
| BAYLOR MEDICAL CENTERS AT | § | |
| GARLAND AND MCKINNEY; | § | |
| BAYLOR SCOTT & WHITE | § | |
| HEALTH; COOK INCORPORATED; | § | |
| COOK INCORPORATED a/k/a COOK | § | |
| MEDICAL INCORPORATED; COOK | § | |
| GROUP INCORPORATED; and COOK | § | |
| MEDICAL, LLC, | § | |
|    Defendants. | § | |

## COOK DEFENDANTS' BRIEF IN SUPPORT OF THE OPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING THE JPML DECISION ON TRANSFER TO MDL NO. 2570

# TABLE OF CONTENTS

**Page**

I.  **INTRODUCTION** ................................................................. 1

II.  **FACTUAL BACKGROUND** ........................................... 4

    A.  **MDL No. 2570—The Cook IVC Filter MDL** ............................. 4

    B.  **This Action and Other Similarly Situated Cases Before the MDL** ........ 5

III.  **ARGUMENT** ................................................................. 8

    A.  **The Legal Standards for a Motion to Stay Are Met Here** ....................... 8

    B.  **A Stay Would Preserve Judicial Resources and Maximize Efficiency** ....................................................................... 12

        1.  **A Stay Would Preserve Judicial Resources of the Parties, Counsel, and the Judiciary** ................................................. 12

        2.  **A Stay Would Preserve Judicial Resources by Avoiding Duplicative Litigation and Inconsistent Rulings** ...................... 14

    C.  **Plaintiff Would Experience No Prejudice From a Stay, While Cook Will Be Prejudiced Absent a Stay** ................................... 17

        1.  **Plaintiff Will Suffer No Prejudice From a Stay** .......................... 17

        2.  **Cook Will Suffer Substantial and Unfair Prejudice in the Absence of a Stay** .................................................................. 19

IV.  **CONCLUSION** ............................................................. 21

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aikins v. Microsoft Corp.*,
 No. 0242, 2000 WL 310391 (E.D. La. Mar. 24, 2000) ............................................... 11

*Am. Seafood, Inc. v. Magnolia Processing, Inc.*,
 Nos. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992)............................ 20

*Arthur-Magna, Inc. v. Del-Val Fin. Corp.*,
 CIV.A. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991) ........................................... 19

*Berman-Cheung, et al. v. Cook Group, Inc., et al.*,
 No. 5:17-02564 (N.D. Cal.) ...................................................................................... 2, 3

*Blunt v. Prospect Mortgage, LLC*,
 No. 3:13-cv-1595-P, 2013 WL 12129263 (N.D. Tex. Nov. 20, 2013)................. 11, 19

*Bonenfant v. R.J. Reynolds Tobacco Co.*,
 No. 07-cv-60301, 2007 WL 2409980 (S.D. Fla. July 31, 2007) .................................. 9

*Boudreaux v. Metro. Life Ins. Co.*,
 No. 95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995)........................................ 12, 13

*Brownlow v. Cook Incorporated, et al.*,
 No. 4:17-cv-02842 (S.D. Tex. Oct. 26, 2017) .............................................................. 3

*Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*,
 Civ.A. No. 10–1341, 2010 WL 2160292 (E.D. La. May 25, 2010) .......... 11, 17, 18, 19

*Curtis v. BP Am., Inc.*,
 808 F. Supp. 2d 976 (S.D. Tex. 2011) ........................................................... 11, 12, 16

*Davis v. DePuy Orthopaedics, Inc.*,
 No. Civ. 11-5139, 2011 WL 5237563, at *2 (D.N.J. Nov. 2, 2011) ....................... 9, 16

*Dowler v. Medicine Shoppe*,
 No. 2:07-cv-848, 2007 WL 2907519 (S.D. Ohio Oct. 3, 2007) ................................... 9

*Edens v. Volkswagen Grp. of Am., Inc.*,
 No. 16-cv-0750, 2016 WL 3004629 (D. Minn. May 24, 2016) ................................. 18

*Esquivel v. BP Co. N. Am., Inc.*,
 No. B-10-227, 2010 WL 4255911 (S.D. Tex. Oct. 14, 2010) ..... 8, 9, 11, 12, 15, 17, 19

*Falgoust v. Microsoft Corp.*,
   No. Civ. A. 00-0779, 2000 WL 462919 (E.D. La. Apr. 19, 2000) .............. 9, 10, 12, 18

*Givney v. Savage et al.*,
   3:17-cv-01432 (N.D. Tex. June 5, 2017) [Dkt. No. 7] ("*Givney* Order
   Granting Motion to Stay") ................................................................................. 3, 11, 18

*Good v. Prudential Ins. Co. of Am.*,
   5 F. Supp. 2d 804 (N.D. Cal. 1998) .............................................................................. 9

*Hardin v. Merck & Co., Inc.*,
   No. C 07-0070, 2007 WL 1056790, at *3 (N.D. Cal. Apr. 5, 2007) ............................ 8

*Hertz Corp. v. The Gator Corp.*,
   250 F. Supp. 2d 421 (D.N.J. 2003) .............................................................................. 19

*In re Cal. Retail Nat. Gas & Elec. Antitrust Litig.*,
   150 F. Supp. 2d 1383 (J.P.M.L. 2001) ........................................................................ 10

*In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and
   Products Liability Litigation*,
   MDL No. 2570 (S.D. Ind.) ........................................................................................ 1, 4

*In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and
   Products Liability Litigation,* Transfer Order*,
   Case Nos. 5:17-02564 and 5:17-05036 (Aug. 1, 2017) .................. 3, 6, 7, 9, 10, 13, 18

*In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and
   Products Liability Litigation*, Notice of Filing Master Consolidated
   Complaint for Individual Claims (Jan. 30, 2015) ......................................................... 6

*In re: Cook Medical, Inc. IVC Filters Marketing, Sales Practices and
   Products Liability Litigation*, Conditional Transfer Order
   (December 7, 2016) ........................................................................................................ 6

*In re: Lipitor Mktg., Sales Practices & Prods. Liab. Litig.*,
   MDL No. 2502, 2015 WL 7769022 (J.P.M.L. June 8, 2015) ...................................... 13

*In re Rezulin Prods. Liab. Litig.*,
   No. MDL 1348, 2003 WL 21276425 (S.D.N.Y. June 2, 2003) ................................... 15

*In re Vioxx Prods. Liab. Litig.*,
   360 F. Supp. 2d 1352 (J.P.M.L. 2005) ........................................................................ 16

*In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*,
   717 F. Supp. 2d 1376 (J.P.M.L. 2010) ......................................................................... 13

*Incavo v. Cook Incorporated*, Order Denying Motion for Remand,
   Case No. 1:16-cv-06047-RLY-TAB (S.D. Ind. Apr. 11, 2017) .................................. 14

*Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*,
   No. 01-2113 DA, 2001 WL 34048067 (W.D. Tenn. Apr. 3, 2001) ............................. 9

*Jewett, et al. v. Baxter, M.D., et al.*,
   No. 5:17-05036 (D.S.D.) .............................................................................................. 2

*Jewett v. Baxter et al.*,
   5:17-cv-05036 (D.S.D. June 1, 2017) [Dkt. No. 23] ("*Jewett* Order
   Granting Motion to Stay") ............................................................................ 3, 4, 11, 18

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ..................................................................................................... 8

*Lucas v. Springhill Hosps., Inc.*,
   2009 WL 160418 (S.D. Ala. Jan. 22, 2009) ............................................................. 16

*McKnight v. Blanchard*,
   667 F.2d 477 (5th Cir. 1982) ...................................................................................... 8

*Meinhart v. Halliburton Energy Servs., Inc.*,
   No. H-11-0073, 2011 WL 1463600 (S.D. Tex. Apr. 4, 2011) ........................ 11, 16, 19

*Miranda v. Ocwen Fin. Corp.*,
   No. SA-07-CV-0034 FB (NN), 2007 WL 962959 (W.D. Tex. Mar. 30,
   2007) ............................................................................................................................ 8

*Pierce v. Frink et al.*, Order Granting Motion to Stay
   No. 2:17-cv-01731 (E.D. Cal. Oct. 31, 2017) ..................................................... 3, 4, 11

*Pleasant v. Cook Incorporated et al.*,
   No. 3:17-cv-01498 (N.D. Tex.), Transfer Order (Oct. 4, 2017) ............................... 2, 3

*Rhines v. Young*,
   No. 5:00-CV-05020-KES, 2015 WL 4651090 (D.S.D. Aug. 5, 2015) ........................ 9

*Rivers v. Walt Disney Co.*,
   980 F. Supp. 1358 (C.D. Cal. 1997) ............................................................... 8, 12, 13

*Rubio v. Arndal*,
No. 1:13-cv-0027-LJO-BAM, 2013 WL 796669 (E.D. Cal. Mar. 4, 2013) ................................................................................................ 15, 17

*Simmons v. GlaxoSmithKline, LLC*,
No. 4:15-CV-1397 CDP, 2015 WL 6063926 (E.D. Mo. Oct. 14, 2015) ................ 8, 18

*Smallwood v. Ill. Cent. R. Co.*,
385 F.3d 568 (5th Cir. 2004) ......................................................................... 5

*Soverain Software LLC v. Amazon.com, Inc.*,
356 F. Supp. 2d 660 (E.D. Tex. 2005) ......................................................... 17

*Sutton v. Davol, Inc.*,
251 F.R.D. 500 (E.D. Cal. 2008) ................................................................. 15

*Tapscott v. MS Dealer Service Corp.*,
77 F.3d 1353 (11th Cir. 1996) ...................................................................... 2

*Tench v. Jackson Nat'l Life Ins. Co.*,
No. 99 C 5182, 1999 WL 1044923 (N.D. Ill. Nov. 12, 1999) ....................... 20

*Toppins v. 3M Co.*,
No. 4:05-cv-01356, 2006 WL 12993 (E.D. Mo. Jan. 3, 2006) ................... 9, 19

*Trahan v. BP*,
Civ. A. No. H–10–3198, 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) ..................... 11

*U.S. Bank v. Royal Indem. Co.*,
No. CIV.A. 3:02-CV-0853-P, 2002 WL 31114069 (N.D. Tex. Sept. 23, 2002) ......................................................................................................... 11

*Verschoor v. Volkswagen Grp. of Am., Inc.*,
No. 16-cv-01256-MJD-KMM, 2016 WL 3960372 (D. Minn. June 17, 2016) ......................................................................................................... 10

**FEDERAL STATUTES**

28 U.S.C. § 1407 ............................................................................ 3, 4, 16, 20

28 U.S.C. § 1407(a) ..................................................................................... 12

28 U.S.C. § 1447(d) ..................................................................................... 16

**STATE STATUTES**

735 ILCS 5/2-622 ............................................................................................ 14

735 ILCS 5/2-622(g) ....................................................................................... 14

Texas Medical Liability Act, Tex. Civ. Prac. & Rem. Code § 74.351 ............................... 5

**RULES**

J.P.M.L. Rule of Procedure 7.1(a) .................................................................... 6

**OTHER AUTHORITIES**

*Strickland v. Proffitt, et al.,* Electronic Order Granting Motion to Stay,
    Case No. 3:17-cv-02059-B (August 17, 2017) .......................................... 2, 7

Manual for Complex Litigation (Fourth) § 22.35 (4th ed. 2004) ..................................... 10

**TO THE HONORABLE COURT:**

Defendants Cook Incorporated, Cook Medical LLC,[1] and Cook Group Incorporated (collectively, "Cook" or "Removing Cook Defendants") file this Memorandum in Support of Motion to Stay all Proceedings Pending the JPML Decision on Transfer to MDL No. 2570, and would respectfully show as follows:

## I.      INTRODUCTION

1.      The Removing Cook Defendants respectfully move this Court to stay all proceedings and deadlines in the case, including any ruling on a motion to remand that the Plaintiff may file, pending transfer of this case to the United States District Court for the Southern District of Indiana as part of *In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2570 (S.D. Ind.).[2] Judge Richard L. Young presides over MDL No. 2570, which currently includes hundreds of cases involving the same product and identical claims as those before the Court in this matter.

2.      It is within this Court's power to grant Cook's Motion to Stay. A stay is appropriate because it would further the interests of judicial economy and ensure that Cook and Plaintiff are not subject to duplicative litigation and inconsistent rulings on the same or similar issues. Furthermore, a stay is appropriate because Cook will be unfairly prejudiced absent a stay, whereas Plaintiff will suffer no prejudice.

---

[1] "Cook Medical LLC" was incorrectly named and served as "Cook Incorporated a/k/a Cook Medical Incorporated" and "Cook Medical, LLC."
[2] Master Case No. 1:14-ml-2570-RLY-TAB.

1

3.     This is the second time this action has been removed to the Northern District of Texas. After the action was removed to this Court the first time in August 2017, Judge Boyle of this Court granted Cook's motion to stay all proceedings pending the JPML's decision on transfer to the MDL, which was opposed by Plaintiff. *See* Electronic Order Granting Motion to Stay, Case No. 3:17-cv-02059-B (N.D. Tex. Aug. 17, 2017) [Dkt. No. 16]. Twelve days later, the case was indeed transferred to the MDL. Judge Young subsequently remanded to the Dallas County Circuit Court on the basis that diversity jurisdiction was lacking, declining to adopt the fraudulent misjoinder doctrine adopted from *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), as Cook had urged. Cook's current, second removal rests on different grounds—namely, that the citizenship of the non-diverse defendants should be disregarded for diversity purposes under the Fifth Circuit's doctrine of improper joinder, because Plaintiff's failure to comply with a substantive requirement of Texas law dooms his medical negligence claims against those non-diverse defendants. *See* Cook's Notice of Removal [Dkt. No. 1] at ¶¶ 23–31. Although the grounds for removal differ the second time, the grounds supporting this second motion to stay are precisely the same as those the Court has already credited in granting the first motion to stay.

4.     The United States Judicial Panel on Multi-District Litigation ("JPML") has ordered the contested transfer of three virtually identical cases in different district courts: *Berman-Cheung, et al. v. Cook Group, Inc., et al.*, No. 5:17-02564 (N.D. Cal.), *Pleasant v. Cook Incorporated et al.*, No. 3:17-cv-01498 (N.D. Tex.), and *Jewett, et al. v. Baxter, M.D., et al.*, No. 5:17-05036 (D.S.D.).  In these matters, the plaintiffs had moved to

2

vacate the JPML's orders conditionally transferring their actions to MDL No. 2570, and the Cook defendants opposed the motions to vacate.  In *Berman-Cheung* and *Jewett*, the plaintiffs had moved to vacate the JPML's orders conditionally transferring their actions to MDL No. 2570, and the Cook Defendants opposed the motions to vacate. The JPML found that "transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Like many of the already-centralized actions, these actions involve factual questions arising from allegations that defects in the design of Cook's inferior vena cava filters make them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury." *See* App. 3-5, Transfer Order, Case Nos. 5:17-02564 and 5:17-05036 (Aug. 1, 2017) ("August 1 JPML Transfer Order"), attached as **Exhibit A**. The JPML reached the same conclusion in *Pleasant,* a case transferred from the Northern District of Texas. *See* App. 6-8, Transfer Order, No. 3:17-cv-01498 (Oct. 4, 2017) ("October 4 JPML Transfer Order") [Dkt. No. 25], attached as **Exhibit B**.

5.     Furthermore, several district courts have granted materially similar motions to stay in materially similar cases raising the same removal issues and involving various Cook Defendants.  *See* App. 9-19, Order, *Pierce v. Frink et al.*, No. 2:17-cv-01731 (E.D. Cal. Oct. 31, 2017) [Dkt. No. 22], attached as **Exhibit C**; Electronic Order, *Brownlow v. Cook Incorporated, et al.*, No. 4:17-cv-02842 (S.D. Tex. Oct. 26, 2017) [Dkt. No. 14]; App. 20-24, Order Granting Motion to Stay, *Jewett v. Baxter et al.*, 5:17-cv-05036 (D.S.D. June 1, 2017) [Dkt. No. 23] ("*Jewett* Order Granting Motion to Stay"), attached as **Exhibit D**; Electronic Order Granting Motion to Stay, *Givney v. Savage et al.*, 3:17-

cv-01432 (N.D. Tex. June 5, 2017) [Dkt. No. 7] ("*Givney* Order Granting Motion to Stay"). In *Pierce*, the Eastern District of California found that if the case was transferred, "the MDL court will potentially be in a better position to address plaintiff's motion to remand and any other pretrial matters." *See* App. 19, *Pierce* Order (Ex. C) at 11. And similarly, in *Jewett*, the court held that "the advantages of staying the case and conserving judicial resources outweigh the prejudice potentially inflicted on plaintiffs." App. 24, *Jewett* Order Granting Motion to Stay (Ex. D) at 5.

6.     Because the advantages of staying this case and conserving judicial resources outweigh any potential prejudice inflicted on Plaintiff, Cook respectfully requests that this matter be stayed pending transfer to the MDL.

## II.     FACTUAL BACKGROUND

### A.     MDL No. 2570—The Cook IVC Filter MDL

7.     This case is one of hundreds of cases pending against Cook in federal courts across the country in which plaintiffs seek relief based on product liability claims in connection with the implantation of a Cook Inferior Vena Cava Filter ("IVC Filters"). On October 15, 2014, the JPML ordered, pursuant to 28 U.S.C. § 1407, that centralization was appropriate for cases involving allegations of defects in the various models of Cook's IVC Filters. The JPML thus established MDL No. 2570, *In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation* ("Cook IVC Filter MDL"), and transferred all federal IVC Filter cases pending against Cook to Judge Richard L. Young of the Southern District of Indiana.

4

**B.      This Action and Other Similarly Situated Cases Before the MDL**

8.      Plaintiff Lee Strickland claims injuries allegedly arising from the placement of an inferior vena cava filter ("IVC Filter")—specifically the Cook Celect® Filter ("Celect Filter")—designed and manufactured by Cook, into Plaintiff.   Cook timely removed this action to the United States District Court for the Northern District of Texas on April 13, 2018.  *See* Cook's Notice of Removal [Dkt. No. 1].

9.      Diversity jurisdiction exists because there is complete diversity of citizenship among all properly joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Plaintiff is a citizen of the state of Texas.  *See* Original Petition, at Exhibit A ¶ 2, to Cook's Notice of Removal [Dkt. No. 1]. Cook Incorporated, Cook Group Incorporated, and Cook Medical LLC are citizens of the state of Indiana.  *See* Cook's Notice of Removal ¶¶ 17–19, [Dkt. No. 1].  Defendant Dr. Proffitt is a citizen of New Mexico.  *Id.* ¶ 21.  Plaintiff alleges that Defendants Baylor Medical Centers at Garland and McKinney and Baylor Scott & White Health (collectively, the "Baylor Defendants") are citizens of Texas, *id. ¶* 22, but, as explained in Cook's Notice of Removal, these defendants do not defeat diversity. Because Plaintiff has failed to comply with the expert report requirement of the Texas Medical Liability Act, Tex. Civ. Prac. & Rem. Code § 74.351, and the Baylor Defendants have already moved for mandatory dismissal under that statute, there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under the Fifth Circuit's doctrine of improper joinder, the citizenships of the Baylor Defendants

should be disregarded for purposes of diversity jurisdiction, and removal is proper. *See* Cook's Notice of Removal ¶¶ 23–31 [Dkt. No. 1].

10.    Plaintiff in the above-captioned case makes nearly identical allegations as the plaintiffs in all other cases in the Cook IVC Filter MDL—namely, that one of Cook's IVC filters was allegedly defectively designed and that Cook failed to provide adequate warnings about the filter.  *See* Original Petition, at Exhibit A to Cook's Notice of Removal [Dkt. No. 1]; *cf. In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (January 30, 2015) [Dkt. No. 213] (Notice of Filing *Master Consolidated Complaint for Individual Claims*).  Plaintiff's counsel in this case (David Matthews) has similar cases pending in MDL No. 2570.  Thus, this case is appropriate for inclusion in MDL No. 2570.

11.    On April 13, 2018, Cook submitted a Notice of Potential Tag-Along pursuant to J.P.M.L. Rule of Procedure 7.1(a), seeking an order from the JPML to transfer the above-captioned action to MDL No. 2570.  *See* J.P.M.L. Docket for MDL No. 2570 [Dkt. No. 467].  The JPML routinely issues conditional transfer orders for cases such as this one, even where a motion to remand is pending.  *See* App. 25-27, *e.g. In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Prods. Liab. Litig.*, MDL No. 2570 (J.P.M.L. Dec. 7, 2016), [Dkt. No. 172] ("We have held that a motion for remand alone generally is an insufficient basis to vacate a conditional transfer order. Plaintiff can present her motion for remand to the transferee judge."), attached as **Exhibit E**.  This case warrants the same result.  It would be an injustice for this Court to do anything other than stay this action pending the JPML's decision on transfer to the Cook

IVC Filter MDL— the sole purpose of which is to coordinate the very claims at issue in this case. *See* App. 28-47, Plaintiff's Memorandum of Law in Support of Motion for Transfer and Consolidation, *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L. July 21, 2014) [Dkt. No. 1-1] ("MDL Plaintiffs' Motion to Transfer") at 7 ("With more filings to come, consolidating these 27 actions pending in 11 different districts for pretrial proceedings will promote Section 1407's goals of insuring the just and efficient conduct of the actions and avoiding inconsistent or conflicting substantive and procedural determinations."), attached as **Exhibit F**.

12.     As noted above, this Court has granted Cook's motion to stay pending decision on transfer to the MDL once already.  The Court granted the stay on August 17, 2017, and transfer to the MDL duly followed 12 days later. *See* Case No. 3:17-cv-02059-B (N.D. Tex.) [Dkt. Nos. 16, 17].

13.     It is appropriate that a single judge—the judge designated by the JPML to address the exact claims and product at issue in the MDL—address the pretrial issues in this case and other similar cases as they arise.  As the MDL plaintiffs, including counsel for the plaintiff in this very case, argued in support of the MDL's formation in 2014, addressing identical cases and claims through transfer to the MDL "will promote Section 1407's goals of insuring the just and efficient conduct of the actions and avoiding inconsistent or conflicting substantive and procedural determinations. . . . [Many] common case needs will be the same in every case and consolidation would reduce waste and duplication. . . . In conclusion, it is hard to imagine a more appropriate forum than

7

that of where the Defendants made, marketed and sold the product and where the Defendant is headquartered[.]"  *See* MDL Plaintiffs' Motion to Transfer (Ex. F) at 7–8.

### III.   ARGUMENT

#### A.   The Legal Standards for a Motion to Stay Are Met Here

14.   This Court has the inherent power to stay its proceedings pending a decision on transfer by the JPML.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (emphasizing that the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) (noting a federal court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice"); *Esquivel v. BP Co. N. Am., Inc.,* No. B-10-227, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) ("Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted.").  Notably, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases); *see also Miranda v. Ocwen Fin. Corp.*, No. SA-07-CV-0034 FB (NN), 2007 WL 962959, at *1 (W.D. Tex. Mar. 30, 2007) ("The Court has sole discretion to stay proceedings when it serves the interests of judicial economy and efficiency." (citing *Rivers*)); *Hardin v. Merck & Co., Inc.*, No. C 07-0070 SBA, 2007 WL 1056790, at *3 (N.D. Cal. Apr. 5, 2007) (staying action pending transfer decision by the JPML); *Simmons v. GlaxoSmithKline,*

*LLC*, No. 4:15-CV-1397 CDP, 2015 WL 6063926, at *1-2 (E.D. Mo. Oct. 14, 2015) (same); *Davis v. DePuy Orthopaedics, Inc.*, No. Civ. 11-5139 JBS/KMW, 2011 WL 5237563, at *2 (D.N.J. Nov. 2, 2011) (same).[3]

15.     Federal district courts in and out of the Fifth Circuit grant motions to stay pending the JPML's decision on transfer even when a party moves to remand for lack of subject matter jurisdiction (as the Plaintiff may do here).   As several courts have explained, a brief stay allows the MDL transferee court to consistently rule on jurisdictional issues that are likely to appear in other cases.  *See, e.g.*, App. 3-5, August 1 JPML Transfer Order (Ex. A) ("The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge."); *Esquivel*, 2010 WL 4255911, at *3; *see also Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) ("[O]nce removed, federal courts have jurisdiction to determine jurisdiction, the JPML has the power to transfer cases with motions to remand pending, and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional

---

[3] *See also Rhines v. Young*, No. 5:00-CV-05020-KES, 2015 WL 4651090, at *2 (D.S.D. Aug. 5, 2015) ("The decision to stay a proceeding is entrusted to a district court's sound discretion."); *Dowler v. Medicine Shoppe*, No. 2:07-cv-848, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007) ("'Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case.'") (quoting *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)); *Bonenfant v. R.J. Reynolds Tobacco Co.*, No. 07-cv-60301, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007) ("It is common practice for courts to stay an action pending a transfer decision by the JPML."); *Toppins v. 3M Co.*, No. 4:05-cv-01356, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006) (When facing potential transfer, "[a] district court has the inherent power to stay its proceedings."); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001) (explaining the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL [court]").

questions exist."). Moreover, transfer to the MDL does not deprive a plaintiff of "the opportunity to litigate the remand issues." *Verschoor v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-01256-MJD-KMM, 2016 WL 3960372, at *3 (D. Minn. June 17, 2016); *see also Falgoust*, 2000 WL 462919, at *2 ("The transferee judge certainly has the power to determine the question of remand, and if remand issues are common to many of [these cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." (internal quotations and citation omitted)); App. 3-5, August 1 JPML Transfer Order (Ex. A) (noting that the transferee judge in MDL 2570 has "ruled upon at least one motion to remand to state court"). Thus, it is appropriate for this Court to grant a stay even in the face of a pending remand motion.

16. A stay pending a transfer decision by the JPML serves the primary purposes of consolidation, which are "to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel, and the judiciary." *In re Cal. Retail Nat. Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001). The leading authority on managing complex litigation, the Manual for Complex Litigation published by the Federal Judicial Center, advises that "[a] stay pending the Panel's decision [on transfer] can increase efficiency and consistency, particularly when the [potential] transferor court believes that a transfer order is likely and when [any] pending motions raise issues likely to be raised in other cases as well." Manual for Complex Litigation (Fourth) § 22.35 (4th ed. 2004).

17. Courts generally analyze three factors when determining whether a stay is appropriate pending transfer of a case to an MDL proceeding: "(1) the potential

prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Esquivel*, 2010 WL 4255911, at \*3 (citing *Cajun Offshore Charters, LLC v. BP Prods. N. Am., Inc.*, Civ.A. No. 10–1341, 2010 WL 2160292, at \*1 (E.D. La. May 25, 2010)).   All three of these factors weigh in favor of a stay here, as "the advantages of staying the case and conserving judicial resources outweigh the prejudice potentially inflicted on plaintiff[]."  *See* App. 20-24, *Jewett* Order Granting Motion to Stay (Ex. D); App. 9-19, *Pierce* Order (Ex. C) at 11 ("[T]he interests of judicial economy and the threat of inconsistent rulings outweighs any potential prejudice to the [plaintiff].");  *see also Givney* Electronic Order Granting Motion to Stay (granting motion to stay in materially indistinguishable case involving Cook Defendants); *Esquivel*, 2010 WL 4255911, at \*5 (granting defendant's motion to stay because "granting a stay will conserve judicial resources by preventing this Court from taking up an issue which is already pending before the MDL"); *Blunt v. Prospect Mortgage, LLC*, No. 3:13-cv-1595-P, 2013 WL 12129263, at \*3 (N.D. Tex. Nov. 20, 2013) (granting motion to stay pending JPML decision on transfer); *Curtis v. BP Am., Inc.*, 808 F. Supp. 2d 976, 983 (S.D. Tex. 2011) (same); *Meinhart v. Halliburton Energy Servs., Inc.*, No. H-11-0073, 2011 WL 1463600, at \*7 (S.D. Tex. Apr. 4, 2011) (same); *Trahan v. BP*, Civ. A. No. H–10–3198, 2010 WL 4065602, at \*1-2 (S.D. Tex. Oct. 15, 2010) (same); *U.S. Bank v. Royal Indem. Co.*, No. CIV.A. 3:02-CV-0853-P, 2002 WL 31114069, at \*2-3 (N.D. Tex. Sept. 23, 2002) (same); *Aikins v. Microsoft Corp.*, No.

0242, 2000 WL 310391, at *2 (E.D. La. Mar. 24, 2000) (same); *Boudreaux v. Metro. Life Ins. Co.*, No. 95-138, 1995 WL 83788, at *2 (E.D. La. Feb. 24, 1995) (same).

**B.      A Stay Would Preserve Judicial Resources and Maximize Efficiency**

**1.      A Stay Would Preserve Judicial Resources of the Parties, Counsel, and the Judiciary**

18.      Granting a stay in this case will undoubtedly promote judicial economy. The explicit purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common issues in a "just and efficient" manner.  28 U.S.C. § 1407(a).  As the MDL plaintiffs argued some three years ago before the JPML, allowing an action to proceed when it overlaps with numerous others that are already part of an ongoing MDL would undermine that purpose.  *See, e.g.*, *Rivers*, 980 F. Supp. at 1360 (absent a stay, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge"); *see also Falgoust*, 2000 WL 462919, at *2 ("[C]onsistency and economy would be served by resolution of these issues by a single court after transfer by the JPML.").

19.      Courts in this District previously have found a stay to be appropriate where it will "conserve judicial resources by preventing [the court] from taking up an issue which is already pending before the MDL."  *See Esquivel*, 2010 WL 4255911, at *5; *see also Curtis*, 808 F. Supp. 2d at 979 (noting that in large BP litigation, courts "generally have granted the requests [to stay], citing such reasons as the need to coordinate discovery in the large number of cases, the burden to the defendants of litigating in so many forums at once, judicial economy, and the need to avoid inconsistent results");

12

*Boudreaux*, 1995 WL 83788, at *2 ("Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order.").

20.     Here, the interest of judicial economy is best served by having one Court—the MDL court assigned to consider the exact claims presented in the above-captioned matter—consider all pretrial issues, including questions of jurisdiction.  While Plaintiff has not, to date, filed a motion to remand, even if he does so, the Panel uniformly finds transfer to the MDL to be appropriate.  *See In re: Lipitor Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2502, 2015 WL 7769022, at *2 (J.P.M.L. June 8, 2015).  As the Panel has noted, judicial economy is best served by this Court not expending resources "familiarizing itself with the intricacies of a case" that will be coordinated for pretrial management before a transferee judge.  *See Rivers*, 980 F. Supp. at 1360.  MDL Judge Richard L. Young is best equipped to maximize the judicial economies of the court and parties presented by the issues in this matter.

21.     Furthermore, as noted by the JPML, "[t]he presence of medical negligence claims in these actions does not negate the efficiencies promoted by transfer.  Products liability cases usually involve some plaintiff-specific factual issues, and these are not a bar to transfer."  *See* App. 4, August 1 JPML Transfer Order (Ex. A) at 2 (citing *In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L. 2010)).

13

22.     The interests of judicial economy and conservation of the resources of the parties and Court warrant a stay in the above-captioned matter pending consideration of the question of transfer by the JPML.

### 2.     A Stay Would Preserve Judicial Resources by Avoiding Duplicative Litigation and Inconsistent Rulings

23.     As noted above, Plaintiff's claims overlap with numerous other lawsuits that are currently pending in the MDL.  There is no need for this Court to duplicate the efforts of the eventual MDL court in those cases, and doing so would undermine the very purpose of the MDL proceeding.  Furthermore, Plaintiff's attempt to defeat diversity by improperly joining a party—here, the Baylor Defendants—is nothing new.  Judge Young has addressed similar arguments concerning removal and remand already; in fact, he denied a plaintiff's motion to remand an action that had been removed on nearly identical grounds in his April 11, 2017 order in App. 48-54, *Incavo v. Cook Incorporated,* Case No. 1:16-cv-06047-RLY-TAB (S.D. Ind. Apr. 11, 2017) [Dkt. No. 41], attached as **Exhibit G**. That case involved an Illinois statute, 735 ILCS 5/2-622, requiring that a plaintiff in a health care negligence claim provide, contemporaneously with his complaint or within 90 days of filing if good cause for delay is shown, a report from a health care professional buttressing the claim.  The statute expressly states that failure to comply with the expert report requirement is "grounds for dismissal."   735 ILCS 5/2-622(g). Applying the Seventh Circuit's similar fraudulent joinder standard, the Court denied the plaintiff's motion for remand and held that because the plaintiff had not filed a timely expert report, he had no "reasonable possibility of success" on his claim—language and

analysis that apply with equal strength to Cook's improper joinder argument here. App. 53-54, Ex. G at 6–7.

24.     Similar issues routinely are addressed by MDL courts in other medical product liability MDL proceedings as well.  *See, e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding the plaintiff's claims against a fraudulently misjoined, non-diverse defendant, allowing the product liability claims to be transferred to an MDL); *In re Rezulin Prods. Liab. Litig.*, No. MDL 1348, 2003 WL 21276425, at *1-2 (S.D.N.Y. June 2, 2003) (finding non-diverse physician improperly misjoined with claims against drug manufacturer).

25.     The Cook IVC Filter MDL is no different, and the MDL judge will need to address the issue of improper joinder. Accordingly, "having individual courts decide an issue likely to be raised in multiple proceedings would be an inefficient use of judicial resources." *Rubio v. Arndal*, No. 1:13-cv-0027-LJO-BAM, 2013 WL 796669, at *5 (E.D. Cal. Mar. 4, 2013).  However, judicial resources will be conserved if these jurisdictional issues, which are likely to continue to arise in other cases transferred to MDL No. 2570, can be heard and ruled on by Judge Young.

26.     Additionally, if individual courts were to rule separately on these jurisdictional issues, there is a potential for inconsistent rulings—a primary reason why Congress established the multidistrict litigation procedure.  *See Esquivel*, 2010 WL 4255911, at *3 ("The JPML's guidance concerning the use of stay orders repeatedly stresses that a stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge

and avoid inconsistent rulings." (internal citations and quotation omitted)); *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under [28 U.S.C. § 1407] is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *Meinhart*, 2011 WL 1463600, at *8 ("In light of the potential for inconsistent judgments, a stay pending the JPML's decision whether to transfer is appropriate."). Preventing inconsistent rulings is particularly important in the context of motions to remand because a decision to remand is not subject to an automatic appeal under 28 U.S.C. § 1447(d).

27.     Accordingly, to preserve judicial resources and prevent inconsistent rulings and duplicative litigation on the same issue of jurisdiction, this Court should stay all proceedings so this case can be coordinated for pretrial proceedings with the other similar cases in MDL No. 2570.  *See, e.g.*, *Curtis*, 808 F. Supp. 2d at 982 ("[T]he existence of federal jurisdiction in this case involves complicated questions common to the cases transferred in the MDL court. Having transferor courts address these issues increases the likelihood of inconsistent outcomes on a similar set of legal and factual issues that are likely to arise in a number of cases."); *Davis*, 2011 WL 5237563, at *2 ("The Court finds . . . that entering the stay is likely to promote judicial efficiency and consistent adjudication.  DePuy avers that it anticipates requesting transfer to MDL 2244 for other Pinnacle products liability cases filed in New Jersey state courts naming Johnson & Johnson as a defendant, thereby permitting one single court to address similar issues consistently and efficiently."); *Lucas v. Springhill Hosps., Inc.*, 2009 WL 160418, at *1

16

(S.D. Ala. Jan. 22, 2009) (staying case pending transfer to an MDL proceeding and noting that the court "commonly stays such cases even when jurisdictional issues have been raised because such jurisdictional issues are likely to arise in the other cases filed throughout the nation that will be transferred to the MDL Panel and consistency as well as economy are served by having those issues decided by a single court"); *Rubio*, 2013 WL 796669, at *5 (staying case pending transfer to a "newly created MDL" proceeding because, *inter alia*, judicial economy is served and there is a risk of inconsistent rulings on the issue of fraudulent misjoinder that is likely to arise in future cases).

### C.    Plaintiff Would Experience No Prejudice From a Stay, While Cook Will Be Prejudiced Absent a Stay

#### 1.    Plaintiff Will Suffer No Prejudice From a Stay

28.    Plaintiff would suffer no discernible prejudice from a stay of all proceedings in this action pending its likely transfer to the Cook IVC Filter MDL.  Courts recognize that the prejudice plaintiffs might suffer from a stay of this nature is limited to a minimal delay.  *See Esquivel*, 2010 WL 4255911, at *5 ("Plaintiffs will likely suffer little prejudice from the approximately one-month delay that will likely result from staying this action until the JPML can decide the pending motion to transfer."); *see also Cajun Offshore*, 2010 WL 2160292, at *2 (finding similar delay non-prejudicial).

29.    Moreover, a stay presents no procedural or "clear tactical disadvantage" (or advantage) to any party given the short duration required to resolve the pending transfer request.  *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).  Further, once transfer is final, Plaintiff's ability to raise jurisdictional

17

objections will not be prejudiced.  Plaintiff has expended limited resources to date, formal discovery has not yet commenced, and there is no schedule for trial or any pretrial deadlines.  To the extent Plaintiff claims prejudice due to a delay pending transfer of this action to the MDL, that prejudice is largely outweighed by the judicial economy obtained by a stay.  *See Simmons*, 2015 WL 6063926, at *1.

30.     Whatever short delay Plaintiff may experience is further outweighed by the benefits all the parties would receive from coordinated discovery and motion practice in the MDL proceeding.  *See, e.g.*, App. 3-5, August 1 JPML Transfer Order (Ex. A) ("While transfer of a particular action might inconvenience or delay some parties to that action, such a transfer often is necessary to further the expeditious resolution of the litigation taken as a whole."); App. 20-24, *Jewett* Order Granting Motion to Stay (Ex. D) ("But if this case is transferred to the MDL, the efficiencies gained through the MDL will benefit *all* parties." (citing caselaw); *Givney* Order Granting Motion to Stay; *Cajun Offshore*, 2010 WL 2160292, at *2 ("The Court finds that the prejudice to the plaintiff caused by a delay of months is outweighed by the hardship to the defendants and the interests of judicial economy."); *Falgoust*, 2000 WL 462919, at *2 (granting stay where "[p]laintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision"); *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16-cv-0750, 2016 WL 3004629, at *2 (D. Minn. May 24, 2016) ("The Court is mindful that there will be some delay and inconvenience to Plaintiff if a stay is granted.  But if this case is transferred to the MDL, the efficiencies gained through the MDL will

18

benefit *all* parties.   Moreover, Plaintiff could utilize the MDL court's established procedure for addressing motions to remand.") (emphasis original).[4]

31.   Given the posture of the present case, Plaintiff will experience no prejudice in any short delay that occurs pending consideration of whether this matter should be transferred to the MDL.

### 2. Cook Will Suffer Substantial and Unfair Prejudice in the Absence of a Stay

32.   The burden—on both Cook and the Court—of duplicative litigation weighs heavily in favor of staying procedures pending MDL transfer.  *See Cajun Offshore*, 2010 WL 2160292, at *2 ("With at least seventy lawsuits in different districts, the defendants face the burden of litigating in multiple jurisdictions.  More importantly, between the various lawyers and judges on the cases, there is a grave potential for conflicting discovery orders.  This poses not only a hardship for the defendants, but mocks an efficient and orderly judicial system."); *Esquivel*, 2010 WL 4255911, at *5 ("Defendants will suffer some hardship and inequity if a stay is not granted [because they] will have to expend resources responding to the motions to remand before the JPML rules on the motion to transfer . . ."); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, CIV.A. 90-4378,

---

[4] *See also Blunt*, 2013 WL 12129263, at *2 ("The delay, though, will not be too prejudicial. The JPML hearing is scheduled for less than month from this order and a decision will follow as appropriate. Any delay is relatively minor."); *Meinhart*, 2011 WL 1463600, at *7 ("The delay until the JPML decides is likely to last at most a few weeks. Courts have stayed proceedings when the JPML's decision was more remote."); *Toppins*, 2006 WL 12993, at *2 ("[A]lthough Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial efficiency concerns[.]"); *Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 425 (D.N.J. 2003) (awaiting JPML transfer to an MDL forum "is about as determinate a time period can be when it depends upon the decision of a federal court").

1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay."); *Am. Seafood, Inc. v. Magnolia Processing, Inc.,* Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("Duplicative motion practice and discovery heavily outweigh the possible prejudice the short period of time that the proceedings are stayed will cause the plaintiffs."); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (stay granted where plaintiff risked no prejudice by short time delay).

33.    Here, the potential for duplication and economy of judicial and party resources all weigh heavily in favor of entry of a stay of proceedings.  The procedural and substantive issues presented by this matter are identical to those currently before the Court in the Cook IVC Filter MDL, which is unsurprising given that the products, legal theories, claims alleged, and defenses are identical to those in the MDL.  The JPML is in the best position to compare the issues in this case to those at issue in the MDL and to determine whether the interests of justice and 28 USC § 1407 warrant consolidation. Were Plaintiff permitted to litigate those issues both in this Court and in the MDL— which will occur absent a stay of proceedings—Cook would be forced to litigate identical issues in multiple forums, instead of the sole federal forum designated, at the request of the MDL plaintiffs' counsel, to address Cook IVC Filter litigation:  the Cook IVC Filter MDL.

## IV.   <u>CONCLUSION</u>

The entire purpose of multi-district litigation is to streamline pretrial proceedings and allow for the efficient and consistent resolution of issues.  Here, staying this Court's proceedings for the short duration necessary to allow the JPML to consider the request for consolidation will not prejudice Plaintiff, and will ensure the efficient and consistent administration of justice.  Cook therefore respectfully requests that the Court grant this motion, as it has once already, and enter a stay pending the JPML's decision on transfer to the MDL.

Dated: April 16, 2018

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P**

By  */s/ T. Christopher Trent*
    T. Christopher Trent
    State Bar No. 20209400
    Raphael C. Taylor
    State Bar No. 00788514
    919 Milam Street, Suite 1500
    Houston, Texas 77002
    (713) 222-2323
    (713) 222-2226 FAX
    Email: ctrent@johnsontrent.com
    Email: lhaas@johnsontrent.com

**FAEGRE BAKER DANIELS LLP**

Brian J. Paul
State Bar No. 22501-29 (IN)
300 N. Meridian Street
Suite 2700
Indianapolis, IN  46204
(317) 237-0300
(317) 237-1000 (FAX)
Email: brian.paul@faegrebd.com

**ATTORNEYS FOR COOK DEFENDANTS**

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing has been served upon the following on this 17th day of April 2018:

Richard A. Capshaw                                                 *Via ECF*
CAPSHAW AND ASSOCIATES
3500 Maple Street, Suite 1100
Dallas, Texas  75219

Tim K. Goss                                                   *Via ECF*
Rich Freese
Peter de la Cerda
Kevin L. Edwards
FREESE & GOSS, PLLC
3500 Maple Ave., Ste. 1100
Dallas, Texas 75219

David P. Matthews                                          *Via ECF*
Julie L. Rhoades
Lizy Santiago
MATTHEWS AND ASSOCIATES
2509 Sackett Street
Houston, Texas  77098

***Attorneys for Plaintiff***

David Criss                                                   *Via ECF*
CRISS LAW GROUP, PLLC
12222 Merit Drive, Ste. 1350
Dallas, Texas 75251

***Attorney for Defendant***
***Trent Proffitt, MD***

Joel J. Steed                                                 *Via ECF*
STEED, DUNNIL, REYNOLDS,
 BAILEY, STEPHENSON, LLP
1010 W. Ralph Hall Pkwy, Ste. 200
Rockwall, Texas 75032

***Attorney for Baylor Medical Centers at Garland***
***and McKinney and Baylor Scott & White Health***

                                               */s/ T. Christopher Trent*
                                               T. Christopher Trent