UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEE STRICKLAND** | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **TRENT PROFFITT, M.D.; BAYLOR** | § | |
| **MEDICAL CENTERS AT GARLAND** | § | **CIV. ACTION NO. 3:18-CV-0094** |
| **AND MCKINNEY; BAYLOR SCOTT &** | § | |
| **WHITE HEALTH; COOK** | § | |
| **INCORPORATED a/k/a COOK** | § | |
| **MEDICAL INCORPORATED; COOK** | § | |
| **GROUP INCORPORATED; and COOK** | § | |
| **MEDICAL LLC,** | § | |
| *Defendant* | § | |

## BRIEF IN SUPPORT OF DEFENDANT TRENT PROFFITT, M.D.'S MOTION TO REMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Defendant Trent Proffitt, M.D. and files this Brief in Support of Defendant Trent Proffitt, M.D.'s Motion to Remand, and in support thereof, would respectfully show the Court as follows:

### 1. INTRODUCTION

Defendants Cook Incorporated, Cook Group Incorporated, and Cook Medical LLC (hereinafter the "Cook Defendants") have filed a Notice to Remove this case for the second time. This case was first removed based on alleged fraudulent misjoinder of Baylor Scott &White Health, Baylor Medical Centers at Garland and McKinney, and Dr. Proffitt (hereinafter the "Medical Defendants"). However, the case was remanded to the 134th State District Court in Dallas, Texas because the presiding judge in the Cook MDL 2570, *In Re: Cook Medical, Inc., IVC*

*Filters Marketing, Sales Practices and Product Litigation,* ruled that joinder was proper. Medical Defendants filed their Motions to Dismiss in the 134th State District Court in Dallas, Texas based on Plaintiff's failure to timely serve the Medical Defendants with expert reports, as required by Section 74.351(a) of the Texas Civil Practice and Remedies Code. Unfortunately, the Medical Defendants have not been heard on their state court motions. Cook Defendants have filed an improper Notice of Removal, based on fraudulent misjoinder and diversity of citizenship, in an attempt to delay the proceedings even further. However, circumstances in this case have not changed thus, the Medical Defendants remain non-diverse parties.

Furthermore, the Medical Defendants have not been heard on their state court Motions to Dismiss. Thus, Cook Defendants have not established that, "there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the in-state Defendant in state court," in order to be successful on a motion based upon fraudulent misjoinder. The circumstances in this case have not changed since the first time the Cook Defendants filed their Notice of Removal. Thus, Cook Defendants already received an unfavorable ruling from Judge Young in MDL 2570 on their first Notice of Removal, resulting in a remand of this case to state court. Therefore, the Cook Defendants' tactic of filing the same motion is improper.

## II. FACTUAL BACKGROUND

Lee Strickland, (hereinafter Plaintiff), is a citizen of the state of Texas who was surgically implanted with a Cook Celect inferior vena cava filter on or about September 9, 2010. The Cook Celect IVC Filter was implanted by Dr. Proffitt, who, at the time of the implant, was a citizen of Texas licensed to practice in Texas. Dr. Proffitt is now a citizen of New Mexico and licensed to practice medicine in New Mexico. The procedure to implant the Cook Celect IVC Filter occurred at Baylor Medical Center at Garland, located in Dallas County, Texas.

The Cook Celect IVC Filter allegedly failed and perforated through Plaintiff's inferior vena cava wall towards and into adjacent organs. As a result of the Cook Celect IVC Filter, Plaintiff has allegedly sustained injuries and will require ongoing medical care.

For purposes of federal jurisdiction, it is undisputed that the Medical Defendants, like the Plaintiff, are citizens of Texas. Plaintiff filed suit in state court on July 21, 2017. On August 3, 2017, prior to service of process on any of the Medical Defendants in this matter, Cook Defendants attempted to remove this case for the first time on the grounds of fraudulent misjoinder and diversity of citizenship. As discussed above, on February 6, 2018, Judge Young in MDL 2570 rejected the Cook Defendants arguments and remanded the case to the 134th State District Court in Dallas County, Texas. On March 28, 2018, Dr. Proffitt filed his Motion to Dismiss based on Plaintiff's failure to serve him with a timely expert report, as required by Section 74.351(a) of the Texas Civil Practice and Remedies Code. Dr. Proffitt's motion was set for hearing on April 24, 2018. On April 13, 2018, Cook Defendants filed their second Notice of Removal based on the same grounds as their first Notice of Removal, which was rejected by Judge Young in MDL 2570.

## III. ARGUMENTS AND AUTHORITIES

### A. The Failure To Provide The Statutory Expert Report Is Insufficient To Establish Plaintiff's Possibility of Recovery.

The Fifth Circuit has established a test for improper joinder. A non-diverse party is improperly joined if the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (C.A.5 (La.),2016). Thus, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.* Therefore, to determine whether the

plaintiff has any possibility of recovery against the non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

In the present case, Plaintiff has failed to timely serve upon the Medical Defendants an expert report which is a requirement to maintain a medical liability claim in Texas. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). While Cook Defendants argue that the mere filing of a Motion to Dismiss is dispositive of Plaintiff's case, this is not true. *See* Cook Defendant's Notice of Removal, attached hereto as **EXHIBIT A**. District Courts in the Fifth Circuit have ruled consistently that, the "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981).

District Courts in the Fifth Circuit have held that the failure to submit the required expert report could possibly result in dismissal by the state court if sought on that basis, but the "mere possibility of dismissal is not enough to prove [improper] joinder." *Parsons v. Baylor Health Care System,* 2012 WL 5844188, at *3 (N.D.Tex.,2012). Similarly, the court in an analogues case found that, the possibility that the state court would dismiss the claim against the health care providers for failure to provide the statutory report was insufficient to establish there was no possibility of recovery. *Rice v. Pfizer, Inc.,* 2006 WL 1932565, at *1 (N.D.Tex.,2006).

As mentioned above, on February 6, 2018, Judge Young in MDL 2570 ruled that the Medical Defendants were properly joined parties. *See* Order on Cook Defendants' Motion to Sever and Plaintiff's Motion to Remand attached hereto as **EXHIBIT B**. Further, Judge Young ruled that the Medical Defendants defeat complete diversity in this case. *See* **EXHIBIT B**. As noted above, nothing in the case has changed since Judge Young ruled.  Therefore, the Court should

rule, for a second time, that remand to state court is appropriate because complete diversity is lacking and as such, Cook Defendants' Notice of Removal is improper.

## IV. <u>CONCLUSION</u>

The Cook Defendants have not met their burden to show that the Medical Defendants have been improperly joined because they are unable to prove that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the in-state Defendants in state court. Additionally, the circumstances in this case have not changed since Judge Young's ruling on February 6, 2018 finding that the Medical Defendants are proper parties and there is no complete diversity. Therefore, the Cook Defendants' Notice of Removal is improper, and this Court should remand this case back to the 134th State District Court, Dallas County, Texas.

## V. <u>PRAYER FOR RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED**, Dr. Proffitt respectfully requests that the Court remand this case to the 134th District Court of Dallas County, Texas and for such other and further relief, either at law or in equity, to which Dr. Proffitt has shown or will show himself jointly entitled.

Respectfully submitted,

**CRISS LAW GROUP, P.L.L.C.**

By: _____/s/ David Criss_____
David Criss
State Bar No. 00796417 (TX)
12222 Merit Drive, Suite 1350
Dallas, TX 75251
(214) 691-0003
(214) 691-0016 (Facsimile)
dcriss@criss-law.com

**ATTORNEY FOR DEFENDANT
TRENT PROFFITT, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2018 a copy of the foregoing document that was filed with the clerk of the court for the U.S. District Court, Northern District of Texas via electronic filing (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

_____/s/ David Criss_____
**DAVID CRISS**

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE STRICKLAND, | ) | **CIVIL Action NO.. 3:18-cv-944** |
| | ) | **JURY DEMAND** |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | District Court of Dallas County, TX |
| TRENT PROFFITT, M.D.; | ) | Cause No. DC-17-08867 |
| BAYLOR MEDICAL CENTERS AT | ) | |
| GARLAND AND MCKINNEY; | ) | |
| BAYLOR SCOTT & WHITE HEALTH; | ) | |
| COOK INCORPORATED; COOK | ) | **NOTICE OF REMOVAL** |
| INCORPORATED a/k/a COOK | ) | |
| MEDICAL INCORPORATED; COOK | ) | |
| GROUP INCORPORATED; and | ) | |
| COOK MEDICAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS COOK INCORPORATED, COOK MEDICAL LLC, AND COOK GROUP INCORPORATED'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Cook Incorporated, Cook Medical LLC,[1] and

Cook Group Incorporated hereby remove the state court action captioned *Lee Strickland v. Trent*

*Proffitt, M.D., et al.*, Civil No. 17-08867, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and

1446. The grounds for removal are as follows:

### BACKGROUND

#### A. NATURE OF THE CASE

1.    Plaintiff's Complaint commingles a medical device product liability action

against Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated (collectively,

"Cook") with a medical malpractice action against both Trent Proffitt, M.D. ("Dr. Proffitt"), the

medical provider who implanted the device, and Baylor Medical Centers at Garland and

---

[1] Cook Medical LLC was incorrectly named as "Cook Incorporated a/k/a Cook Medical Incorporated" and "Cook Medical, LLC."


EXHIBIT
A

McKinney and Baylor Scott & White Health (the "Baylor Defendants"), which he alleges were negligent in connection with the health care he received at Baylor Medical Center - Garland.

2.      With respect to Cook, the plaintiff, Lee Strickland ("Plaintiff"), claims injuries allegedly arising from the placement of an inferior vena cava filter ("IVC filter")—specifically the Cook Celect® Filter ("Celect Filter")—designed and manufactured by Cook, into Plaintiff. Compl., *passim*, attached as **Exhibit A**. Plaintiff alleges that Cook failed "to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the Cook Celect Filter." *Id.*, ¶ 51(a).

3.      Plaintiff has set forth causes of action against Cook for negligence, strict liability (design defect, manufacturing defect, and failure to warn), and breach of implied and express warranties. *Id.*, ¶¶ 51–80. Plaintiff also seeks exemplary damages. *Id.*, ¶ 83.

4.      Plaintiff also alleges medical negligence against Dr. Proffitt. Specifically, Plaintiff alleges the following: that Dr. Proffitt failed to determine if Plaintiff was an appropriate candidate for an IVC filter (or more specifically, the Celect Filter); failed to obtain adequate and proper informed consent for implantation of the IVC Filter; failed to select, and "cause to have implanted," the proper medical device to treat Plaintiff; selected the Celect Filter despite the alleged lack of efficacy and high failure, injury, and complication rates associated with the device; failed to monitor Plaintiff after the device was implanted; failed to implement a follow-up plan to monitor the Celect Filter and remove it after it was no longer needed; and failed generally to "conform to the standards of care required of him as a medical practitioner, surgeon, nurse, and physician." *Id.*, ¶ 51(b).

5.      Plaintiff also alleges negligence on the part of the Baylor Defendants. He alleges the following against them: that they failed to select and "cause to have implanted" the proper

medical device for Plaintiff's medical needs; purchased the Celect Filter despite its alleged lack of efficacy and high failure, injury, and complication rates; failed to provide their medical professionals with proper instructions for monitoring the Plaintiff after the implantation of the Celect Filter; failed to implement a follow-up plan for Plaintiff after the implantation of the Celect Filter; and generally failed to "conf[o]rm to the standards of care required of them as a medical facility, hospital, medical practitioner, surgeon, nurse, and physician." *Id.*, ¶ 51(c).

6.      Plaintiff filed this action in the District Court of Dallas County, State of Texas, on or about July 21, 2017. *Id.*

**B.      AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS**

7.      Beginning in 2013, a number of plaintiffs filed federal court actions making nearly identical claims against Cook arising out of the IVC filters.

8.      On October 15, 2014, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Cook IVC filter cases to the Honorable Judge Richard L. Young of the United States District Court for the Southern District of Indiana for coordinated or consolidated pretrial proceedings.  Presently, there are hundreds of cases pending before Judge Young involving the very Cook IVC filter at issue in this case and including nearly identical claims as in this case.  *See, e.g., In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014) (initial transfer order).[2]

---

[2]  The following case is potentially related:  CA No. 3:17-cv-02059-G; *Lee Strickland v. Trent Proffitt, M.D., Baylor Medical Centers at Garland and McKinney; Baylor Scott & White Health, Cook Incorporated, Cook Incorporated a/k/a Cook Medical Incorporated, Cook Group Incorporated, and Cook Medical, LLC*; In the United States District Court for the Northern District of Texas, Dallas Division. This case was removed to the United States District Court for the Northern District of Texas, Dallas Division on August 3, 2017 and was remanded back to the State Court listed above on February 6, 2018.

## C.    PROCEDURAL BACKGROUND

9.    Cook removed the case to the Northern District of Texas on August 3, 2017, arguing that the District Court possessed diversity jurisdiction because Dr. Proffitt and the Baylor Defendants had been fraudulently misjoined. *See* Notice of Removal, 1:17-cv-06079-RLY-TAB (Filing No. 1), attached as **Exhibit B.** The case was transferred to the MDL on August 30, 2017.

10.    On February 6, 2018, Judge Young remanded the case to the District Court of Dallas County, declining to adopt the fraudulent misjoinder doctrine as first set forth in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), and endorsed by some other jurisdictions.   The court accordingly found that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), compelled remand, given the presence of properly served non-diverse defendants. *See* Order on Plaintiff's Motion for Remand, 1:17-cv-06079-RLY-TAB (Filing No. 27), attached as **Exhibit C.**[3]

11.    In the meantime, the forum defendants answered Plaintiff's Complaint. Dr. Proffitt answered on August 15, 2017. *See* Proffitt Answer, 1:17-cv-06079-RLY-TAB (Filing No. 14), attached as **Exhibit D.** The Baylor Defendants answered on August 21. *See* Baylor Defs.' Mot. to Dismiss (attached as **Exhibit E**), p. 2.[4]

12.    Under the Texas Medical Liability Act (TMLA), Tex. Civ. Prac. & Rem. Code § 74.351(a), a plaintiff in a health care liability claim must serve each defendant physician or health care provider with one or more expert reports substantiating his or her claim within 120 days of the filing of the defendant's answer.  If a plaintiff fails to serve the required report, the

---

[3] The Court's reasoning relied on its analysis in another remand order in the MDL, *Berman-Cheung v. Cook Group, Inc. et al.*, Cause No. 1:17-cv-6076-RLY-TAB (Filing No. 44),

[4] The Baylor Defendants' Answer is attached as Exhibit A to the Baylor Defendants' Motion to Dismiss.

court "shall," on that defendant's motion, dismiss the claim against that defendant with prejudice. Tex. Civ. Prac. & Rem. Code § 74.351(b). Plaintiff's deadline to serve an expert report on Dr. Proffitt fell on December 13, 2017; the deadline to serve an expert report on the Baylor Defendants fell six days later, on December 19. Plaintiff missed both deadlines.

13.    Both Dr. Proffitt and the Baylor Defendants have filed motions to dismiss Plaintiff's claims against them based upon Plaintiff's failure to comply with the mandate of the TMLA. Dr. Proffitt filed his motion to dismiss on March 28, 2018, and the Baylor Defendants filed theirs on April 6. *See* Ex. E; Proffitt Mot. to Dismiss, attached as **Exhibit F.**

14.    As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). Cook has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446; specifically, removal is timely under 28 U.S.C. § 1446(b)(3) because it is within 30 days of Cook being served with the Baylor Defendants' motion to dismiss.

<u>**REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION**</u>

**A.    COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN ALL PROPERLY JOINED PARTIES**

15.    This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the proper parties – Plaintiff and Cook – in the underlying cause of action. Dr. Proffitt and the Baylor Defendants do not defeat diversity under 28 U.S.C. § 1441 because Plaintiff's claims against them are barred by his failure to comply with the TMLA and subject to mandatory dismissal. Moreover, the amount in controversy as between Plaintiff and Cook exceeds the sum or value of $75,000, exclusive of interests and costs.

### 1. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND COOK

16.     As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as an action between citizens of different states.   Section 1441 provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

17.     Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana.   Thus, for jurisdictional purposes, Cook Incorporated is a citizen of Indiana.

18.     Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana.   Thus, for jurisdictional purposes, Cook Group Incorporated is a citizen of Indiana.

19.     Cook Medical LLC is an Indiana limited liability company, having its principle place of business in Indiana.   Cook Medical LLC's sole member is Cook Group Incorporated, which is also a citizen of Indiana for jurisdictional purposes (*see supra* ¶ 18).   Thus, for jurisdictional purposes, Cook Medical LLC is a citizen of Indiana.

20.     Plaintiff is a citizen of the state of Texas.  *See* Ex. A, ¶ 2.

### 2. THE CITIZENSHIPS OF DR. PROFFITT AND THE BAYLOR DEFENDANTS SHOULD BE DISREGARDED BECAUSE THEY ARE IMPROPERLY JOINED

21.     Plaintiff alleges that Defendant Dr. Proffitt is a citizen of New Mexico.  *Id.*, ¶ 3.

22.     Plaintiff alleges that Defendants Baylor Medical Centers at Garland and McKinney and Baylor Scott & White Health (collectively, the "Baylor Defendants") are both citizens of Texas.  *Id.*, ¶¶ 4–5.

6

23.     Regardless of whether the Baylor Defendants were properly joined at the commencement of the action, Fifth Circuit precedent establishes that they are improperly joined now.[5]

24.     The federal removal statute provides that, "if the case stated by the initial pleading is not removable," a defendant may nonetheless file a notice of removal within 30 days after receipt of an "amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996) (emphasis original; citations omitted). Here, Cook's first removal was based on a theory of fraudulent misjoinder—that Plaintiff's products liability claims against Cook and his medical negligence claims against the Baylor Defendants and Dr. Proffitt were so "factually and legally unrelated" that the citizenships of the Baylor Defendants and Dr. Proffitt should be disregarded for purposes of determining diversity jurisdiction. *See* Ex. B at ¶¶ 19–20. Upon transfer to the MDL, Judge Young rejected that theory and remanded the case. Cook now removes on a different basis. As explained below, the Fifth Circuit's doctrine of improper joinder permits removal because, in light of Plaintiff's failure to comply with the TMLA's expert report requirement, there is no possibility that his medical negligence claim against the only forum defendants, the Baylor Defendants, will succeed. *See S.W.S. Erectors*, 72 F.3d at 492 (noting that a second removal is not on the "same ground" if it is based on a different "pleading or event that made the case removable").

---

[5] Dr. Proffitt is also improperly joined, but because the Complaint alleges that he is a citizen of New Mexico, Ex. A at ¶ 3, his citizenship is not directly relevant to the question of improper joinder as an exception to the forum-defendant rule.

25.     The Fifth Circuit's doctrine of improper joinder (also called fraudulent joinder) recognizes that a suit may be removed to federal court notwithstanding the presence of a non-diverse defendant, under one of two sets of circumstances: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). A court's analysis of this second prong mirrors its examination of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).[6] In other words, a defendant may establish improper joinder if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573.

26.     The Fifth Circuit has applied this principle under analogous circumstances to hold that a plaintiff's failure to comply with statutory exhaustion requirements for a claim against a health care provider rendered his claim against a non-diverse defendant improperly joined. In *Flagg v. Stryker Corp.*, in-state "medical defendants" filed a motion to dismiss the plaintiff's negligence claims related to a medical implant because the plaintiff had failed to comply with the Louisiana statute requiring a medical malpractice claim to be submitted to a review panel before filing a lawsuit. Because the statute states that the "plaintiff's suit *must* be dismissed" if he has failed to comply with this requirement, the district court and the Fifth Circuit, sitting en banc, agreed that removal was appropriate. "[T]here is no doubt that the state court would have been required to dismiss the Medical Defendants from the case. It follows that, at the time of removal, [plaintiff] was unable to 'establish a cause of action against the [Medical Defendants] in state court.'" 819 F.3d at 138 (quoting *Smallwood*, 385 F.3d at 573). *See also Blair v. Deutsche Bank*

---

[6] The court is not bound, however, to limit its improper joinder inquiry to the face of the pleadings. If necessary, the court may pierce the pleadings and conduct a "summary inquiry," determining if there are "discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573.

*Nat'l Trust Co.*, 2013 WL 6628634, at *2–3 (W.D. Tex. Dec. 16, 2013) (finding improper joinder where in-state defendant, the substitute trustee in a foreclosure suit, was entitled to mandatory dismissal under Texas law). Courts within the Fifth Circuit have also concluded that an in-state defendant was improperly joined where it was clear that the claim against that defendant was time-barred under state law. *See, e.g., Llovet v. Purdue Frederick Co., Inc.*, 2008 WL 11355017, at *4–5 (E.D. La. Aug. 29, 2008).

27.     Here, there is no reasonable basis for the Court to predict that Plaintiff could recover on his medical negligence claim against the Baylor Defendants. The TMLA provides that, upon the motion of the defendant physician or health care provider in question, the court "*shall*" dismiss any "health care liability claim" as to which the plaintiff has not served the defendant with one or more expert reports supporting his or her claim. Tex. Civ. Prac. & Rem. Code § 74.351(b) (emphasis added).

28.     Plaintiff's claim against the Baylor Defendants indisputably qualifies as a "health care liability claim" subject to the TMLA's expert report requirement. Texas precedent establishes that a health care liability claim has three elements: (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from the accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission of which the claimant complains allegedly must have been the proximate cause of injury to the claimant. *Little v. Riverside Gen. Hosp.*, 2016 WL 208142, at *2 (Tex. App.—Houston [14th Dist.] Jan. 14, 2016, no pet.). The medical negligence claim here satisfies all three criteria. First, both the Baylor Defendants are "health care institutions," which meet the TMLA's statutory definition of health care provider. *See* Tex. Civ. Prac. & Rem. Code §§

9

74.001(a)(11)(G), 12(A)(vii). Second, the Complaint's negligence claim against the Baylor Defendants alleges that they failed to select the proper medical device to treat Plaintiff, failed to provide their practitioners with proper instructions for monitoring Plaintiff after implantation of the filter, failed to implement a "follow-up plan," and more generally failed "to confirm [sic] to the standards of care required of them as a medical facility, hospital, medical practitioner, surgeon, nurse and physician." Ex. A at ¶ 51(c). These allegations fall squarely within the realm of "standards of health care" or "professional . . . services directly related to health care." *See Little*, 2016 WL 208142, at *2. Las, the Complaint expressly alleges that these purported acts of negligence proximately caused him injury. Ex. A at ¶ 52.

29. It is just as clear that Plaintiff has missed the 120-day deadline and violated the TMLA. The Baylor Defendants answered on August 21, 2017. Ex. E at 2. Plaintiff's time window to serve the required expert report thus closed on December 19, 2017—without him having served any such report or sought any extension of time. In their motion to dismiss, the Baylor Defendants stated that Plaintiff still had not served the required report as of April 6, 2018. *Id.* Texas law treats section 74.351's expert report requirement as a "statute-of-limitations type deadline." *Univ. of Tex. Health Science Ctr. at Houston v. Joplin*, 525 S.W.2d 772, 777 (Tex. App. Houston – [14th Dist.] 2017, pet. filed). Like a statute of limitations or an exhaustion requirement, section 74.351 applies notwithstanding the removal of the action to federal court (or removal and subsequent remand). *See, e.g., Rendon v. Walgreens*, 144 F. Supp. 3d 894, 901 (N.D. Tex. 2015).[7] Moreover, the grant of a health care provider's motion to dismiss is

_____

[7] The Northern District of Texas granted Cook's motion for a stay pending resolution of the petition for transfer to the MDL for a brief 12-day period—between August 17 and 29, 2017. *See Strickland v. Proffitt*, 3:17-cv-02059-B (N.D. Tex.) (Filing Nos. 16, 17). Even assuming that this stay tolled the running of the Plaintiff's TMLA deadline for the eight days it was in effect after the Baylor Defendants answered on August 21, any such tolling would be immaterial. As the Baylor Defendants' motion to

*mandatory* if the 120-day deadline has been breached. *See Med. Hosp. of Buna Tex., Inc. v. Wheatley,* 287 S.W.3d 286, 294 (Tex. App.—Beaumont 2009, pet. denied); *Rendon,* 144 F. Supp. 3d at 901 ("The TMLA does not simply permit dismissal as a result of non-compliance with the expert report requirement—it *mandates* dismissal.") (emphasis original).[8]

30.    In a complaint removed from Illinois court and transferred to the Cook IVC filters MDL in the Southern District of Indiana, Judge Young ruled that removal was proper in parallel circumstances. *In re Cook Medical, Inc. IVC Filters Marketing, Sales Practices & Prod. Liability Litig.,* Case No. Case No. 1:16-cv-06047-RLY-TAB (Filing No. 41), attached as **Exhibit G**. That case involved an Illinois statute, 735 ILCS 5/2-622, requiring that a plaintiff in a health care negligence claim provide, contemporaneously with her complaint or within 90 days of filing if good cause for delay is shown, a report from a health care professional buttressing the claim. The statute expressly states that failure to comply with the expert report requirement is "grounds for dismissal." 735 ILCS 5/2-622(g). Applying the Seventh Circuit's similar fraudulent joinder standard, the Court denied the plaintiff's motion for remand and held that

---

dismiss notes, Plaintiff *still* hadn't complied with the expert report requirement as of April 6, 2018—more than four months after his deadline elapsed, according to any reckoning.

[8] Several federal district court decisions in the Fifth Circuit have held that removal is inappropriate on the basis of a plaintiff's failure to comply with section 74.351 with respect to a non-diverse defendant, but only where that in-state defendant has not actually filed a motion to dismiss. Because the statute makes dismissal mandatory only upon the in-state defendant's filing of a motion, these courts reasoned that, in the absence of a motion, dismissal was not so certain that there was "no reasonable basis" on which to predict the claim could succeed. *See Parsons v. Baylor Health Care Sys.,* 2012 WL 5844188, at *4 (S.D. Tex. Nov. 19, 2012); *Garcia v. Sandoz Inc.,* 2010 WL 1790176, at *3 (S.D. Tex. Apr. 30, 2010) ("[T]he mere possibility of dismissal is not enough to prove [improper] joinder."). Such caution is unnecessary here, however, where the health care provider defendant *has* taken the last step necessary to render the plaintiff's claim untenable by filing the motion to dismiss.

because the plaintiff had not filed a timely expert report, he had no "reasonable possibility of success" on his claim. Ex. G at 6–7.[9]

31.     Plaintiff's claim against the Baylor Defendants—his sole cause of action against a non-diverse defendant—has been doomed as a matter of law ever since the Baylor Defendants filed their motion to dismiss for noncompliance with the TMLA on April 6, 2018.  The Baylor Defendants are improperly joined, and so is Dr. Proffitt, who filed a motion to dismiss on the same basis on March 28. Removal is proper.

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

32.     Based on the allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000, as required by 28 U.S.C.  § 1332(a).

33.     A defendant can establish the amount in controversy by setting forth facts in the notice of removal that demonstrate the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

34.     Plaintiff's allegations in the Complaint demonstrate that he seeks damages well in excess of $75,000.  Plaintiff alleges the following injuries and damages: physical pain and mental anguish, both past and future; disfigurement, both past and future; physical impairment, both past and future; loss of earning capacity, both past and future; medical expenses, both past and future; and exemplary damages. Ex. A, ¶¶ 82–83.

---

[9] As an independent basis for denying remand on the basis that the non-diverse defendant was fraudulently joined, the Court concluded that the plaintiff's medical negligence claim against the non-diverse defendant was barred by the applicable Illinois statute of repose. Ex. G at 4–6.

35.     Here, Plaintiff seeks exemplary damages as well. *Id.* at ¶ 83. A reasonable inference of a potential punitive damages award may also be considered in determining the amount in controversy. *See U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284-85 (5th Cir. 2001) (noting that punitive damages are properly considered in calculating the amount in controversy requirement).[10]

36.     This list of alleged damages demonstrates that Plaintiff's claims exceed the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**C.     REMOVAL IS TIMELY**

37.     Removal is timely because it has been fewer than 30 days since Cook was served with the Baylor Defendants' motion to dismiss on April 6, 2018. It was through receipt of this motion that Cook first "ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

38.     As noted above, Cook has not previously requested removal on the basis now asserted. *See S.W.S. Erectors*, 72 F.3d at 492.

**D.     VENUE AND OTHER REQUIREMENTS ARE SATISFIED**

39.     The United States District Court for the Northern District of Texas includes the County in which the Action is now pending. Therefore, venue is proper because the Northern District of Texas is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

40.     Because Dr. Proffitt and the Baylor Defendants are improperly joined, their consent to removal is not necessary. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505–06 (E.D. Calif. 2008) (finding that failure to obtain the consent of the misjoined defendants did not negate

---

[10] Cook denies all liability and that any damages are appropriate in this case.

an otherwise proper removal); *see also In re Guidant Corp.*, 2007 WL 2572048, at *4 (D. Minn. Aug. 30, 2007) (finding that because the physician was not properly joined in the action, his consent to removal was not necessary). Further, as the Northern District of Texas has articulated, "where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing 'defendant need not explain the absence of consent.'" *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

41.    Pursuant to the provisions of 28 U.S.C. § 1446(d), Cook will give Plaintiff written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the District Court, County of Dallas, State of Texas, attaching as Exhibit A thereto a copy of this Notice of Removal.

42.    Pursuant to Local Rule 81.1(a)(4), attached as **Exhibit H** is an index of documents, a copy of the state court docket sheet, each document filed in state court, and a Certificate of Interested Persons.

43.    In compliance with N.D. Tex. Local Rule 81.1 and 28 U.S.C. § 1446(a), the following exhibits are attached:

|  |  |
|---|---|
| Exhibit A: | Plaintiff's Original Petition (filed 07/21/2017); |
| Exhibit B: | Notice of Removal, 1:17-cv-06079-RLY-TAB (Filing No. 1) |
| Exhibit C: | Order on Plaintiff's Motion for Remand, 1:17-cv-06079-RLY-TAB (Filing No. 27) |
| Exhibit D: | Proffitt Answer, 1:17-cv-06079-RLY-TAB (Filing No. 14) |
| Exhibit E: | Baylor Defendants' Motion to Dismiss |
| Exhibit F: | Proffitt Motion to Dismiss |

Exhibit G:     Case No. 1:16-cv-06047-RLY-TAB (Filing No. 41)

Exhibit H:     Index of Matters Being Filed

Exhibit I:     List of All Counsel of Record

Exhibit J:     Civil Case Cover Sheet and Supplemental Civil Case Cover Sheet

Exhibit K:     State Court Docket Sheet

Exhibit L:     State Court Filings

1.   Civil Cover Sheet (07/21/2017)
2.   Plaintiff's Original Petition  (07/21/2017)
3.   Citation to Baylor College (07/21/2017)
4.   Citation to Baylor Science (07/21/2017)
5.   Citation to Cook Medical (07/27/2017)
6.   Citation to Cook Group (07/27/2017)
7.   Citation to Trent Proffitt (07/27/2017)
8.   Citation to Cook (07/27/2017)
9.   Citation to Cook Medical, LLC ( 07/27/2017)
10.  Cook's Notice of Removal to Federal Court (08/03/2017)
11.  Return of Service for Baylor Scott & White Health (08/10/2017)
12.  Return of Service for Baylor Medical Centers (08/10/2017)
13.  Return of Service for Trent Proffitt, MD (08/23/2017)
14.  Order for Remand Post Judgment Motion (02/06/2018)
15.  Conversion Docket Sheet (02/08/2018)
16.  Letter to the File re Case Remanded (02/08/2018)
17.  Court's Rule 165a Correspondence to Plaintiff (02/23/2018)
18.  Cook Defendants' Special Exceptions, Original Answer and Affirmative Defenses (03/12/2018)
19.  Proposed Order on Cook's Special Exceptions (03/12/2018)
20.  Notice of Appearance and Previously Filed Answer (03/14/2018)
21.  Baylor's Notice of Appearance (03/20/2018)
22.  Uniform Scheduling Order (03/20/2018)
23.  Cook Defendants' Notice of Firm's Change of Address (03/27/2018)
24.  Proffitt's Motion to Dismiss (03/28/2018)
25.  Proposed Order on Proffitt's Motion to Dismiss (03/28/2018)
26.  Notice of Hearing on Motion to Dismiss (03/29/2018)

15

27. Notice of Trial Setting (03/30/2018)
28. Trial Notification Letter to Trent (03/30/2018)
29. Trial Notification Letter to Criss (03/30/2018)
30. Trial Notification Letter to Goss (03/30/2018)
31. Trial Notification Letter to Dunhill (03/30/2018)
32. Baylor Defendants' Motion to Dismiss and Motion for Statutory Sanctions (04/08/2018)
33. Letter to the Clerk sending Jury Fee (04/10/2018)
34. Plaintiff's Motion to Compel (04/11/2018)
35. Proposed Order on Plaintiff's Motion to Compel (04/11/2018)

WHEREFORE, Defendants Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated give notice that the matter styled as *Lee Strickland v. Trent Proffitt, M.D., et al.*, in the District Court, County of Dallas, State of Texas, Civil No. 17-08867, is removed to the United States District Court for the Northern District of Texas.

Dated: April 13, 2018                                    Respectfully submitted,

                                                         **JOHNSON, TRENT, & TAYLOR, L.L.P**

                                                         By  */s/ T. Christopher Trent*
                                                            T. Christopher Trent
                                                            Texas Bar No. 20209400
                                                            Raphael C. Taylor
                                                            Texas Bar No. 00788514
                                                            Peter A. Querubin
                                                            Texas Bar No. 24077654
                                                            919 Milam Street, Suite 1700
                                                            Houston, Texas 77002
                                                            (713) 222-2323
                                                            (713) 222-2226 FAX
                                                            Email: ctrent@johnsontrent.com
                                                            Email: rtaylor@johnsontrent.com
                                                            Email: pquerubin@johnsontrent.com

                                                         **FAEGRE BAKER DANIELS LLP**

                                                            Brian J. Paul
                                                            State Bar No. 22501-29 (IN)
                                                            300 N. Meridian Street
                                                            Suite 2700

16

Indianapolis, IN  46204
(317) 237-0300
(317) 237-1000 (FAX)
Email: brian.paul@faegrebd.com

**ATTORNEYS FOR COOK
DEFENDANTS**

17

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Removal has been served upon the following by placing a copy in the U.S. mail, first class postage prepaid, on this 13th day of April, 2018:

| | |
|---|---|
| Richard A. Capshaw<br>CAPSHAW AND ASSOCIATES<br>3500 Maple Street, Suite 1100<br>Dallas, Texas  75219 | *Via ECF* |
| Tim K. Goss<br>Rich Freese<br>Peter de la Cerda<br>Kevin L. Edwards<br>FREESE & GOSS, PLLC<br>3500 Maple Ave., Ste. 1100<br>Dallas, Texas 75219 | *Via ECF* |
| David P. Matthews<br>Julie L. Rhoades<br>Lizy Santiago<br>MATTHEWS AND ASSOCIATES<br>2509 Sackett Street<br>Houston, Texas  77098 | *Via ECF* |

***Attorneys for Plaintiff***

| | |
|---|---|
| David Criss<br>CRISS LAW GROUP, PLLC<br>12222 Merit Drive, Ste. 1350<br>Dallas, Texas 75251 | *Via ECF* |

***Attorney for Defendant***
***Trent Proffitt, MD***

| | |
|---|---|
| Joel J. Steed<br>STEED, DUNNIL, REYNOLDS,<br> BAILEY, STEPHENSON, LLP<br>1010 W. Ralph Hall Pkwy, Ste. 200<br>Rockwall, Texas 75032 | *Via ECF* |

***Attorney for Baylor Medical Centers at Garland***
***and McKinney and Baylor Scott & White Health***

/s/ Raphael C. Taylor
Raphael C. Taylor

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In Re: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | ) ) ) ) | 1:14-ml-02570-RLY-TAB MDL No. 2570 |
| | ) ) | |
| This Document Relates to: | ) ) | |
| Lee Strickland 1:17-cv-6079-RLY-TAB | ) ) ) | |

**ORDER ON THE COOK DEFENDANTS' MOTION TO SEVER and
PLAINTIFF'S MOTION TO REMAND**

On July 21, 2017, Plaintiff filed this action in the District Court of Dallas County,

State of Texas, alleging products liability claims against the Cook Defendants and

medical malpractice claims against Trent Proffitt, M.D., Baylor Medical Centers at

Garland and McKinney, and Baylor Scott & White ("Medical Defendants"). Even

though Plaintiff and the Medical Defendants are citizens of Texas, the Cook Defendants

removed the action to the United States District Court for the Northern District of Texas,

Dallas Division, on the basis of diversity jurisdiction. In the Cook Defendants' Notice of

Removal, they argued Plaintiff's claims against the Cook Defendants were procedurally

misjoined with Plaintiff's claims against the Medical Defendants.

On August 9, 2017, the Cook Defendants filed a Motion to Sever the Medical

Defendants because, *inter alia*: (1) they are not a necessary and indispensable parties to

1

this action under Federal Rule of Civil Procedure 19, (2) Plaintiff's products liability claims and medical malpractice claims do not arise out of the same transaction or occurrence and do not involve common questions of law or fact, and (3) severance will promote fairness and judicial economy. Plaintiff opposes the motion and moves for remand.

On January 11, 2018, the court entered an Order dealing with the same key facts and legal analysis as raised in the Cook Defendants' Motion to Sever—i.e., whether medical malpractice claims relating to the implant of one of the Cook Defendants' IVC filters brought by a plaintiff against implanting physicians should be severed from the product liability claims against the Cook Defendants. *See Berman-Cheung v. Cook Group, Inc. et al.*, Cause No. 1:17-cv-6076-RLY-TAB (Filing No. 44[1]). The court denied the Cook Defendants' motion to sever and, because the Plaintiff and the Medical Defendants were citizens of California, remanded the action to the California state court. *Id.* In light of that ruling, the Cook Defendants' Motion to Sever (Filing No. 8) is **DENIED** and, because the presence of the Medical Defendants destroys diversity, Plaintiff's Motion to Remand (Filing No. 4) is **GRANTED**. The Clerk is directed to **REMAND** this cause to the District Court of Dallas County, Texas.

**SO ORDERED** this 6th day of February 2018.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

---

[1] The court's ruling was also filed in Cause No. 1:14-ml-2570, Filing No. 7465.

2

Distributed Electronically to Registered Counsel of Record.