## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LEE STRICKLAND | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00944-C |
| | § | |
| TRENT PROFFITT, M.D.; | § | |
| BAYLOR MEDICAL CENTERS AT | § | |
| GARLAND AND MCKINNEY; BAYLOR | § | |
| SCOTT & WHITE HEALTH; COOK | § | |
| INCORPORATED; COOK | § | |
| INCORPORATED a/k/a COOK MEDICAL | § | |
| INCORPORATED; COOK GROUP | § | |
| INCORPORATED; and COOK MEDICAL, | § | |
| LLC, | § | |
|     Defendants. | § | |

## COOK DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ii

TABLE OF AUTHORITIES..........................................................................................iii

**No table of contents entries found.**I.The Court should defer ruling on Plaintiff's motion to remand and

II.    Remand is unwarranted because the Baylor Defendants are
       improperly joined.................................................................................. 5

       A.    Legal Standard .......................................................................... 5

       B.    The Baylor Defendants are improperly joined because
             Plaintiff's medical malpractice claim against them in
             state court is doomed by his failure to comply with the
             Texas Medical Liability Act ...................................................... 7

             1.    The Texas court would apply section 74.351's
                   expert-report deadline notwithstanding the case's
                   removal and remand.................................................... 10

             2.    At the time of removal, there was no reasonable
                   possibility that Plaintiff's claim against the Baylor
                   Defendants would succeed in state court ..................... 15

CONCLUSION ............................................................................................ 18

# **TABLE OF AUTHORITIES**

**Cases**                                                                             **Page(s)**

*Allen v. Bank of Am.*, *N.A.*,
   5 F. Supp. 3d 819, 835 (N.D. Tex. 2014) ................................................................................6

*Estate of Allen ex rel. Allen v. Scott & White Clinic*,
   2011 WL 2993259 (Tex. App.—Austin July 22, 2011) ...............................................12, 13, 15

*Badon v. RJR Nabisco Inc.*,
   224 F.3d 382 (5th Cir. 2000) ..................................................................................................9

*Berman-Cheung v. Cook Group, Inc. et al.*,
   Cause No. 1:17-cv-6076-RLY-TAB .......................................................................................3

*Burlington N. R.R. Co. v. Woods*,
   480 U.S. 1 (1987) ...................................................................................................................11

*In re Cook Medical, Inc., IVC Filters Mktg., Sales Practices, & Prods. Liability Litig.*,
   MDL No. 2570 (J.P.M.L. Oct. 15, 2014) ...................................................... ii, 2, 3, 5, 9, 17, 18

*Flagg v. Stryker Corp.*,
   819 F.3d 132 (5th Cir. 2016) ...........................................................................................6, 12

*Frank v. Bear Stearns & Co.*,
   128 F.3d 919 (5th Cir. 1997) ..................................................................................................5

*Garcia v. LCS Corr. Servs.*, *Inc.*,
   2010 WL 2163284 (S.D. Tex. May 24, 2010) ......................................................................11

*Garcia v. Sandoz Inc.*,
   2010 WL 1790176 (S.D. Tex. Apr. 30, 2010) ......................................................................11

*Gardner v. U.S. Imaging, Inc.*,
   274 S.W.3d 669 (Tex. 2008) .................................................................................................13

*Incavo v. Cook Incorporated*,
   Case No. 1:16-cv-06047-RLY-TAB ..............................................................................9, 17, 18

*Laredo Tex. Hosp. Co., L.P. v. Gonzalez*,
   363 S.W.3d 255 (Tex. App.—San Antonio 2012) .................................................................7

*Life in Christ Fellowship of Abilene v. Allied Property & Cas. Ins. Co.*,
   2018 WL 1157764 (N.D. Tex. Jan. 9, 2018) ........................................................................12

*Little v. Riverside Gen. Hosp., Inc.*,
  2016 WL 208142 (Tex. App.—Houston [14th Dist.] Jan. 14, 2016) ...................................7, 8

*Med. Hosp. of Buna Tex., Inc. v. Wheatley*,
  287 S.W.3d 286 (Tex. App.—Beaumont 2009) ......................................................................7

*Mumfrey v. CVS Pharmacy, Inc.*,
  719 F.3d 392 (5th Cir. 2013) .......................................................................................11, 12

*Otero v. Alonzo*,
  2011 WL 765673 (Tex. App.—Corpus Christi Mar. 3, 2011) ...............................................15

*Parsons v. Baylor Health Care Sys.*,
  2012 WL 5844188 (N.D. Tex. Nov. 19, 2012)...............................................11, 12, 16, 17, 18

*Passmore v. Baylor Health Care System*,
  823 F.3d 292 (5th Cir. 2016) .................................................................................10, 12

*Rendon v. Walgreens*,
  144 F. Supp. 3d 894, 901 (N.D. Tex. 2015) .....................................................................7, 9

*Rice v. Pfizer, Inc.*,
  2006 WL 1932565 (N.D. Tex. July 7, 2006) .................................................................16, 17

*S.W.S. Erectors, Inc. v. Infax, Inc.*,
  72 F.3d 489 (5th Cir. 1996) ...........................................................................................6

*Sauceda v. Pfizer, Inc.*
  2007 WL 87660 (S.D. Tex. Jan. 9, 2007) ............................................................................11

*Schepps v. Presbyterian Hosp.*,
  652 S.W.2d 934 (Tex. 1983)...........................................................................................17

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
  559 U.S. 393 (2010)........................................................................................................10

*Smallwood v. Ill. Cent. R.R. Co.*,
  385 F.3d 568 (5th Cir. 2004) ..........................................................................1, 5, 6, 16, 18

*State v. Hess Corp.*,
  982 A.2d 388 (N.H. 2009) ...........................................................................................14

*Tapscott v. MS Dealer Service Corp.*,
  77 F.3d 1353 (11th Cir. 1996) ........................................................................................2, 3

*Toliver v. Dallas Fort Worth Hosp. Council*,
  198 S.W.3d 444 (Tex. App.—Dallas 2006).........................................................................13

iv

*Travis v. Irby*,
    326 F.3d 644 (5th Cir. 2003) ...................................................................................5

*Univ. of Tex. Health Science Ctr. at Houston v. Joplin*,
    525 S.W.3d 772 (Tex. App.—Houston [14th Dist.] 2017)................................12, 13

*University of Texas Health Science Center at San Antonio v. Ripley*,
    230 S.W.3d 419 (Tex. App.—San Antonio 2007)................................................14

*Wilson v. Int'l Bus. Machs.*,
    2011 WL 4572019 (N.D. Tex. Oct. 3, 2011) .........................................................6

**Statutes**

735 ILCS 5/2-622 ...................................................................................................17

735 ILCS 5/2-622(g) ...............................................................................................17

28 U.S.C. § 1441(b)(2) .............................................................................................5

TEX. CIV. PRAC. & REM. CODE § 74.001(a)(11)(G), (a)(11)(H), (a)(12)(A)(vii)............................8

TEX. CIV. PRAC. & REM. CODE § 74.051 ...........................................................16, 17

TEX. CIV. PRAC. & REM. CODE § 74.351 ................1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18

TEX. CIV. PRAC. & REM. CODE § 74.351(b)........................................................4, 7, 17

TEX. CIV. PRAC. & REM. CODE § 74.351 (a) ...........................................................3, 7

**Other Authorities**

FED. R. CIV. P. 26 ...................................................................................................10

FED. R. CIV. P. 37 ...................................................................................................10

FED. R. CIV. P. 12(b)(6)............................................................................................6

TEX. R. CIV. P. 21a ................................................................................................20

TEX. R. CIV. P. 237a ..............................................................................................13

**TO THE HONORABLE COURT**:

Defendants Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated (collectively, "Cook") respectfully oppose Plaintiff's motion to remand this matter to the District Court of Dallas County, Texas.

## INTRODUCTION

The Fifth Circuit's improper joinder doctrine establishes that the presence of a non-diverse defendant will not defeat diversity jurisdiction where the district court finds the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court" to be apparent. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Plaintiff's health care liability claim against the Baylor Defendants, the sole non-diverse defendants in this case, is subject to the Texas Medical Liability Act (TMLA), one provision of which requires a plaintiff to serve upon each defendant in such a claim, within 120 days of that defendant answering, an expert report substantiating the claim. TEX. CIV. PRAC. & REM. CODE § 74.351. Plaintiff has failed to comply with the clear requirements of section 74.351, and his medical liability claim against the in-state Baylor Defendants is therefore doomed to failure in state court.

Plaintiff seeks remand on two principal grounds, both of which are faulty. First, he argues that the expert-report deadline never began to run because the Baylor Defendants filed their Answer in federal court, and the Fifth Circuit has held that section 74.351 does not apply in federal court. His focus on the interplay between state and federal *procedural* rules is misguided: fraudulent joinder doctrine requires this Court not to apply a state rule to federal discovery procedure, but to determine how the *state* court would apply section 74.351 in this situation—and Texas law teaches that the provision is to be construed strictly and that the pendency of a matter in federal court is no bar to the running of its 120-day deadline. Second, Plaintiff argues that the Court should not find improper joinder based on the "mere possibility" of dismissal of

1

the claim against the non-diverse defendant by the state court. But this misapplies the case law and ignores section 74.351's text, which provides that dismissal is *mandatory* on facts like those presented here.

Based on new developments giving rise to diversity under an entirely different theory than that which was asserted on the prior removal, the Court has subject-matter jurisdiction. The Court should stay its ruling on this Motion to Remand to allow the MDL to issue a final transfer order and dispose of the jurisdictional questions raised. Alternatively, it should reject Plaintiff's baseless challenges to the Court's diversity jurisdiction and deny the Motion to Remand.

## BACKGROUND

Plaintiff Lee Strickland alleges that he suffered damages related to the implantation of an inferior vena cava filter ("IVC filter") that was designed and manufactured by the Cook Defendants. *See* Compl. ¶¶ 24, 42–50.[1] His lawsuit is one of hundreds of similar products liability claims involving two of Cook's IVC filters—including the one at issue in this case—that are the subject of a multi-district proceeding currently pending in the Southern District of Indiana. *See* App. 4-9*, n re Cook Medical, Inc., IVC Filters Mktg., Sales Practices, & Prods. Liability Litig.*, MDL No. 2570 (the "MDL") (J.P.M.L. Oct. 15, 2014) (initial transfer order, filing No. 29), attached as **Exhibit A.** Plaintiff also asserts negligence claims against Baylor Medical Centers and Baylor Scott & White Health (the "Baylor Defendants"), as well as Dr. Trent Proffitt ("Dr. Proffitt"). He filed this action in the District Court of Dallas County, Texas on July 21, 2017.

Cook removed to the Northern District of Texas on August 3, 2017, arguing that the District Court possessed diversity jurisdiction because Dr. Proffitt and the Baylor Defendants

---

[1] The Complaint is attached as Exhibit A to Cook's Notice of Removal [Dkt. 1].

had been fraudulently misjoined, under the standard first enunciated in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), and endorsed by some other jurisdictions. In sum, Cook contended that because Plaintiff had joined "multiple defendants in the same action and is asserting claims against each defendant that are both factually and legally unrelated," the citizenships of the non-diverse Baylor Defendants should be disregarded for purposes of diversity jurisdiction. *See,* App. 10-28, First Notice of Removal, Case No. 1:17-cv-06079-RLY-TAB (S.D. Ind. Aug. 3, 2017) (Filing No. 1), at ¶¶ 19–24, attached as **Exhibit B.** The case was transferred to the MDL on August 30, 2017.

On February 6, 2018, Judge Young of the Southern District of Indiana remanded the case to the Dallas County District Court. Citing an earlier order[2] in which he had declined to adopt the *Tapscott* "fraudulent misjoinder" test, Judge Young held that the forum-defendant rule compelled remand because of the Baylor Defendants' Texas citizenships. *See,* App. 29-32, Order on Plaintiff's Motion for Remand, 1:17-cv-06079-RLY-TAB (S.D. Ind. Feb. 6, 2018) (Filing No. 27), attached as **Exhibit C.**

In the meantime, the forum defendants answered Plaintiff's Complaint. Dr. Proffitt answered on August 15, 2017. *See,* App. 33-38, Proffitt Answer, 1:17-cv-06079-RLY-TAB (S.D. Ind. Aug. 15, 2017) (Filing No. 14), attached as **Exhibit D.** The Baylor Defendants answered on August 21. *See,* App. 39-45, Baylor Defs.' Mot. to Dismiss, attached as **Exhibit E**, p. 2.[3] Under a provision of the Texas Medical Liability Act (TMLA), TEX. CIV. PRAC. & REM. CODE § 74.351(a), a plaintiff in a health care liability claim must serve each defendant physician or health care provider with one or more expert reports substantiating his or her claim within 120 days of the filing of the defendant's answer. If a plaintiff fails to serve the required report, the

---

[2] *Berman-Cheung v. Cook Group, Inc. et al.*, Cause No. 1:17-cv-6076-RLY-TAB (Filing No. 44).
[3] The Baylor Defendants' Answer is attached as Exhibit A to the Baylor Defendants' Motion to Dismiss.

court "shall," on that defendant's motion, dismiss the claim against that defendant with prejudice. TEX. CIV. PRAC. & REM. CODE § 74.351(b). Plaintiff's deadline to serve an expert report on Dr. Proffitt fell on December 13, 2017. The deadline to serve an expert report on the Baylor Defendants fell six days later, on December 19. Plaintiff missed both deadlines. Both Dr. Proffitt and the Baylor Defendants have filed motions to dismiss Plaintiff's claims against them based upon Plaintiff's failure to comply with the mandate of the TMLA. Dr. Proffitt filed his motion to dismiss on March 28, 2018, and the Baylor Defendants filed theirs on April 6. *See,* App. 46-51, Ex. E; Proffitt Mot. to Dismiss, attached as **Exhibit F.**[4]

On April 13, 2018, Cook filed a second notice of removal. This second removal rests on separate grounds from the first—grounds that were not available at the time of the first removal. Cook's August 2017 removal relied on a "fraudulent misjoinder" theory rooted in the fact that the medical malpractice claims against the medical defendants (including the Baylor Defendants) are wholly unrelated to the product liability claims against Cook. The second removal, by contrast, is predicated on a straightforward application of the Fifth Circuit's doctrine of improper joinder: Plaintiff's medical malpractice claim against the Baylor Defendants is doomed to fail in Texas court because he has failed to comply with the TMLA and the Baylor Defendants have duly moved to dismiss in state court. The second removal, as explained further below, argues that this Court may now set aside the medical malpractice claim against the Baylor Defendants, which has no reasonable possibility of success, in determining its subject-matter jurisdiction over this action.

---

[4] Plaintiff's claim against Dr. Proffitt is also subject to dismissal in the state court. But because Dr. Proffitt is a New Mexico citizen, his presence in the action is not relevant to the question of diversity jurisdiction. *See* First Notice of Removal (Ex. B) at ¶ 16.

## ARGUMENT

**I.    The Court should defer ruling on Plaintiff's motion to remand and stay this case pending transfer to the MDL.**

In the interests of fairness and efficiency, this Court should exercise its discretion to stay this case, deferring its ruling on Plaintiff's Motion to Remand.  Judge Boyle of this Court took the same action when this case was first removed in August 2017, and the same considerations support doing so again.  Cook's briefing on its Motion to Stay [Dkt. 4] provides a further discussion of the factors favoring the grant of a stay in this case.

**II.    Remand is unwarranted because the Baylor Defendants are improperly joined.**

**A.    Legal Standard**

In evaluating Plaintiff's Motion to Remand ("Motion"), the Court must determine whether Cook has met its burden of establishing that federal subject matter jurisdiction exists and that removal was proper.  *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997).  The federal removal statute provides that removal based on diversity jurisdiction is proper "if [none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  In construing this statutory standard, Fifth Circuit's doctrine of improper joinder (also called fraudulent joinder) recognizes that diversity jurisdiction may exist notwithstanding the presence of a non-diverse defendant, under one of two sets of circumstances: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).  A court's analysis of this second prong mirrors its examination of a motion to dismiss for failure to state a claim under

Rule 12(b)(6).  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).[5]   In other words, a defendant may establish improper joinder if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood,* 385 F.3d at 573.

Plaintiff implies that a second removal is noteworthy or objectionable.  On multiple occasions in his supporting brief, Plaintiff seeks to call the Court's attention to the fact that this is Cook's "***second time***" in federal court or its "***second attempt***" to remove.  *See, e.g.*, Pl.'s Mot. [Dkt. No. 10] at 6, 11, 17, 18 (bolding, italics, and underlining in original).[6]   But typographical flourishes are no substitute for legal arguments, and they certainly do not substitute for the law. The Fifth Circuit "recognizes a defendant's right to seek subsequent removals after remand," so long as the second removal does not rest on "the same ground" as the first.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492–93 (5th Cir. 1996); *Allen v. Bank of Am.*, *N.A.*, 5 F. Supp. 3d 819, 835 (N.D. Tex. 2014) (quoting *Wilson v. Int'l Bus. Machs.*, 2011 WL 4572019, at *1–3 (N.D. Tex. Oct. 3, 2011)).  Plaintiff neither acknowledges this Fifth Circuit standard nor disputes its application here other than by innuendo—and as Cook explained in its notice of removal, this second removal rests on new facts and fits within a different doctrinal framework than did the first. *See* Second Notice of Removal [Dkt. No. 1], at ¶ 24.  The fact that this is a second removal is irrelevant to the Court's review here.

---

[5] The court is not bound, however, to limit its improper joinder inquiry to the face of the pleadings.  If necessary, the court may pierce the pleadings and conduct a "summary inquiry," determining if there are "discrete facts that would determine the propriety of joinder."  *Smallwood*, 385 F.3d at 573.

[6] Citations to page numbers in Plaintiff's Motion to Remand are to the CM/ECF page number stamps.

**B.    The Baylor Defendants are improperly joined because Plaintiff's medical malpractice claim against them in state court is doomed by his failure to comply with the Texas Medical Liability Act.**

The Texas Medical Liability Act (TMLA), TEX. CIV. PRAC. & REM. CODE § 74.351(a), provides that a plaintiff in a health care liability claim must serve each defendant physician or health care provider with one or more expert reports substantiating his or her claim within 120 days of the filing of the defendant's answer.  If a plaintiff fails to serve the required report, the court "shall," on that defendant's motion, dismiss the claim against that defendant with prejudice.  TEX. CIV. PRAC. & REM. CODE § 74.351(b).  The statutory language makes clear that dismissal under such circumstances is *mandatory*, and both Texas and federal courts have interpreted the text to mean what it says.  *See Laredo Tex. Hosp. Co., L.P. v. Gonzalez*, 363 S.W.3d 255, 259 (Tex. App.—San Antonio 2012); *Med. Hosp. of Buna Tex., Inc. v. Wheatley*, 287 S.W.3d 286, 294 (Tex. App.—Beaumont 2009); *Rendon v. Walgreens*, 144 F. Supp. 3d 894, 901 (N.D. Tex. 2015) ("The TMLA does not simply permit dismissal as a result of non-compliance with the expert report requirement—it *mandates* dismissal.") (emphasis in original).

Plaintiff's medical malpractice cause of action against the Baylor Defendants qualifies as a "health care liability claim" under the TMLA.  There are three elements to such a claim: (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from the accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission of which the claimant complains allegedly must have been the proximate cause of injury to the claimant.  *Little v. Riverside Gen. Hosp., Inc.*, 2016 WL 208142, at *2 (Tex. App.—Houston [14th Dist.] Jan. 14, 2016).  Here, both the Baylor Defendants are "health care institutions," which meet the TMLA's statutory definition of health

care provider.  *See* TEX. CIV. PRAC. & REM. CODE §§ 74.001(a)(11)(G), (a)(11)(H), (a)(12)(A)(vii).[7]  Second, the Complaint's negligence claim against the Baylor Defendants alleges that they failed to select the proper medical device to treat Plaintiff, failed to provide their practitioners with proper instructions for monitoring Plaintiff after implantation of the filter, failed to implement a "follow-up plan," and more generally failed "to confirm [sic] to the standards of care required of them as a medical facility, hospital, medical practitioner, surgeon, nurse and physician."  Compl. at ¶ 51(c).  These allegations fall squarely within the realm of "standards of medical care" or "professional . . . services directly related to health care."  *See Little*, 2016 WL 208142, at *2.  Finally, the Complaint expressly alleges that these purported acts of negligence proximately caused Plaintiff injury.  Compl. at ¶ 52.  Plaintiff does not dispute that the TMLA required that he timely serve an expert report in order to proceed on his health care liability claim against the Baylor Defendants.

Plaintiff missed his deadline.  The Baylor Defendants answered on August 21, 2017, meaning that Plaintiff's expert report was due on December 19.  That date came and went, and several more months passed.  Finally, on April 6, 2018, the Baylor Defendants moved to dismiss in the Dallas District Court, noting that Plaintiff still had not filed the mandatory report as of that

---

[7] The TMLA states that the term "health care provider," as used in § 74.351, includes any "health care institution."  TEX. CIV. PRAC. & REM. CODE § 74.001(a)(12)(A)(vii).  The term "health care institution," in turn, includes any "hospital," *id.* at § 74.001(a)(11)(G), and any "hospital system."  *Id.* at § 74.001(a)(11)(H).  Defendant Baylor Scott & White Health is a large hospital system, of which Defendants Baylor Medical Centers at Garland and McKinney are member hospitals.  *See* https://www.bswhealth.com/about/pages/default.aspx (accessed April 24, 2018) (describing Baylor Scott & White Health as "the largest not-for-profit healthcare system in Texas and one of the largest in the United States"); https://www.bswhealth.com/locations/mckinney/ pages/default.aspx?utm_source=web&utm_medium=marketing&utm_campaign=redirect (accessed April 24, 2018) (sub-page on the Baylor Scott & White Health website for "Baylor Scott & White Medical Center – McKinney").

date. Ex. E at 2.[8]  Plaintiff does not dispute that, up to the time of Cook's second removal on April 13, 2018, he had served no expert report on the Baylor Defendants.

Faced with these undisputed facts, the Texas court would have no choice but to grant the Baylor Defendants' motion to dismiss.  In applying the fraudulent joinder doctrine, courts in the Fifth Circuit place themselves in the shoes of the state court, disregarding the citizenship of the non-diverse defendants where "there is no reasonable basis for *predicting* that the plaintiff might establish liability . . . against the in-state defendant[s]."  *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000) (emphasis added).  Applying a functionally identical fraudulent joinder standard to a similar Illinois law requiring a plaintiff to serve an expert certificate within 90 days of filing his complaint,[9] Judge Young denied a motion to remand in the Cook MDL where, under Illinois law, the plaintiff "had [90 days after filing his complaint] to file the required certificate and written report, but failed to do so," reasoning that "[p]laintiff, therefore, has no reasonable possibility of success on her medical negligence claim."  *See,* App. 52-59, *Incavo v. Cook Incorporated*, Case No. 1:16-cv-06047-RLY-TAB (Filing No. 41), at 7, attached as **Exhibit G**.  *See also Rendon*, 144 F. Supp. 3d at 901 (dismissing Texas medical malpractice claim for plaintiff's failure, after removal to federal court, to comply with § 74.351).  The same principle applies here.  The Baylor Defendants—the only non-diverse defendants in this case—are improperly joined, and the Court possesses subject matter jurisdiction.

Plaintiff resists this conclusion on two principal grounds.  First, he argues that the 120-day expert report deadline under the TMLA did not begin to run when the Baylor Defendants

---

[8] Dr. Proffitt filed a motion to dismiss on the same ground on March 28, noting that Plaintiff's 120-deadline as to the expert report for his claim against Dr. Proffitt elapsed on December 13, 2017 without any report having been served.  *See* Ex. F (Proffitt Mot. to Dismiss)**.**

[9] The Illinois statute provides that the plaintiff has up to 90 days after filing her complaint to provide a certificate, so long as she files an affidavit with his complaint stating that she is unable to procure the certificate within the limitations period.  The plaintiff in the *Incavo* case had filed such an affidavit. Ex. G at 6–7.

answered the complaint, because "a case in federal court entertaining state law claims may not apply section 74.351." Pl.'s Mot. at 13–17. Second—assuming the deadline did in fact run notwithstanding the removal to federal court—Plaintiff denies that his claim against the Baylor Defendants was necessarily doomed by the filing of their motion to dismiss. *Id.* at 11–13. The first argument draws the wrong lesson from the case's procedural posture, and in doing so fails to address or answer the real question before the Court; the second argument simply misapplies the improper joinder standard. Neither provides a basis for remand.

1. **The Texas court would apply section 74.351's expert-report deadline notwithstanding the case's removal and remand.**

Plaintiff first argues that he has not violated section 74.351 because the removal of the action in August 2017 prevented the statutory deadline from running: "The answer of the Baylor Defendants' filed in the federal court action could not have triggered Plaintiff's 120 day time period to file an expert report under Texas' procedural rules because Plaintiff's case was not governed by Texas procedural rules at the time the so-called triggering answer was filed." Pl.'s Mot. at 14. The reason for this, Plaintiff asserts, is simple: "Chapter 74 *does not apply in federal court*." *Id.* (italics and underlining original).

Plaintiff's premise is correct, but his conclusion does not follow. In *Passmore v. Baylor Health Care System*, 823 F.3d 292 (5th Cir. 2016), a malpractice action originally filed in federal court on the basis of diversity, the Fifth Circuit held that section 74.351 did not apply. The court observed that the Texas 120-day deadline clashes with FED. R. CIV. P. 26's less onerous framework for expert disclosure and its mandatory dismissal sanction likewise differs from the sanctions authorized under FED. R. CIV. P. 37. 823 F.3d at 296–98 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). Applying the principle forbidding a federal court to apply a state rule where it "directly collides" with a valid federal

10

procedural rule, the court therefore concluded that the state rule was preempted because it would require expert disclosures earlier than would federal discovery rules. *Id.* (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987)).  Plaintiff asserts that the federal district courts in Texas have reached the same conclusion, and he tries to prove it by string-citing 23 cases—an exercise that occupies an entire page of printed text.  Pl.'s Mot. 14–15.  But none of the cases he cites properly applies the doctrine of improper joinder that is before this Court.

Only two of the decisions Plaintiff cites, *Sauceda v. Pfizer, Inc.* 2007 WL 87660 (S.D. Tex. Jan. 9, 2007) and *Garcia v. LCS Corr. Servs.*, *Inc.*, 2010 WL 2163284 (S.D. Tex. May 24, 2010),[10] arguably address the question of improper joinder on the basis of the plaintiff's failure to comply with section 74.351.  With due respect to the Southern District of Texas, both were wrongly decided.  Like Plaintiff's argument here, these decisions' analyses incorrectly leapt from the premise that "§ 74.351 does not apply in federal court" to the conclusion that a federal court "predicting" that a claim in state court is doomed by operation of state law somehow amounts to an impermissible "application" in federal court of the state rule of decision.  *Garcia*, 2010 WL 2163284, at *5; *Sauceda*, 2007 WL 87660, at *2–3.  That logical leap is inconsistent with the Fifth Circuit improper joinder standard, *cf. Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013), and it contradicts the approach taken by other decisions in the same district.  *See Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *4 (N.D. Tex. Nov. 19, 2012); *Garcia v. Sandoz Inc.*, 2010 WL 1790176, at *3 (S.D. Tex. Apr. 30, 2010) (addressing an improper joinder argument based on violation of § 74.351 and agreeing that "[d]efendants are correct that [p]laintiff's failure to serve the Texas Defendants in 120 days with an expert report *may result in dismissal*," but declining to find improper joinder because the in-state defendants' motion to dismiss under § 74.351 had not yet been filed as of removal) (emphasis added).

---

[10] *Garcia*, unlike this case, involved a suit initially filed in federal court. 2010 WL 2163284, at *1.

Addressing improper joinder does not involve applying the TMLA in federal court—either now or retroactively to the time of the Baylor Defendants' Answer in August. Instead, it requires this Court to ask whether there is any reasonable basis to "predict" that the medical malpractice claim against the Baylor Defendants can succeed in *Texas state* court. *See Life in Christ Fellowship of Abilene v. Allied Property & Cas. Ins. Co.*, 2018 WL 1157764, *2–3 (N.D. Tex. Jan. 9, 2018) (quoting *Mumfrey,* 719 F.3d at 401); *Flagg,* 819 F.3d at 136 (noting that non-diverse party is improperly joined if the plaintiff is "unable to establish a cause of action against the [non-diverse party] in *state court*") (emphasis added). This inquiry necessarily involves determining how the Texas court would apply its own rules—including § 74.351's expert report requirement. *See, e.g., Parsons*, 2012 WL 5844188, at *4 (applying section 74.351's 120-day deadline in addressing an improper joinder argument, but ruling that the standard had not been met because the in-state defendant had not filed a motion to dismiss as required by the Texas statute).[11] The proper question is not whether the TMLA conflicts with federal rules of discovery procedure, but whether the Dallas District Court would enforce section 74.351 as written and hold Plaintiff to its 120-day deadline under the statute, notwithstanding that the answer triggering the deadline was filed in federal court.[12] There is every reason to believe that the Texas court would do so.

The Texas courts treat section 74.351 as a strict "statute-of-limitations-type deadline within which expert reports must be served." *Univ. of Tex. Health Science Ctr. at Houston v. Joplin*, 525 S.W.3d 772, 777 (Tex. App.—Houston [14th Dist.] 2017); *Estate of Allen ex rel.*

---

[11] *Parsons* and similar cases are distinguishable with respect to their conclusions on the ultimate improper joinder question. *See infra*, § I(B)(2).

[12] Section 74.351 requires the plaintiff to *serve* a copy of an expert report on the defendant, not to *file* it with the court in which the action is currently pending. While Plaintiff may argue that a defendant could not enlist a federal court to enforce section 74.351, the preemption concerns applied by *Passmore* would not be offended by a defendant's mere receipt of an expert report. *Cf. Passmore*, 823 F.3d at 296–98.

*Allen v. Scott & White Clinic*, 2011 WL 2993259, at *1 (Tex. App.—Austin July 22, 2011) (quotation omitted).  The statute serves a "dual purpose—to inform the served party [*i.e.*, the health care defendant] of the conduct called into question and to provide a basis for the trial court to conclude that the plaintiff's claims have merit."  *Joplin*, 525 S.W.3d at 777 (quotations omitted).  The case law has construed the statute as susceptible to tolling only in the rare circumstances that doing so is consistent with these legislative purposes.  The running of the deadline may be tolled, for example, by a default judgment in the plaintiff's favor, because a default obviates the need for an expert report as a screen against unmeritorious claims.  *See Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669, 671 (Tex. 2008) ("[I]t makes little sense to require service of an expert report on a party who by default has admitted the plaintiff's allegations.").  It will *not*, however, be tolled in circumstances where strict adherence to its deadline effectuates those statutory purposes—for instance, a plaintiff's nonsuit of its claims.  *See Estate of Allen*, 2011 WL 2993259, *4–5 (distinguishing *Gardner*).  Strict construction of the statute is the norm.  It "may seem harsh, but it is the province of the legislature—not th[e] court—to provide for extensions or grace periods regarding the 120-day deadline."  *Id.* at *4 (internal quotations omitted).

Here, neither the statute nor Texas case law provides any basis on which to excuse Plaintiff from meeting his deadline simply because the Baylor Defendants answered his state-law claim in federal court rather than state court.  The Texas Rules of Civil Procedure implicitly authorize the state trial court to give effect to an answer filed in federal court before remand, providing that a defendant defaults if it does not answer within 15 days of remand *unless* the defendant had already answered in federal court.  *See* TEX. R. CIV. P. 237a; *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 449 (Tex. App.—Dallas 2006).  In other words, the

fact that the state court is divested of jurisdiction during the removal does not prevent it, once remand does occur, from giving effect to federal-court pleadings filed in the interim and applying its own timing rules to them. *See, e.g., State v. Hess Corp.*, 982 A.2d 388, 393 (N.H. 2009) (noting that, on grounds of efficiency, fairness, and comity, many states' courts have increasingly "given effect to pleadings filed in federal court prior to remand to state court").

Indeed, Texas precedent establishes that the state court would treat the section 74.351 expert report window as active even during a period when the matter is pending in federal court. In *University of Texas Health Science Center at San Antonio v. Ripley,* 230 S.W.3d 419 (Tex. App.—San Antonio 2007), the plaintiff's health care liability claims were dismissed in federal court on sovereign immunity grounds, and he subsequently re-filed them in state court. 230 S.W.3d at 420–21. In state court, the medical defendant moved to dismiss on the grounds that it had never been properly served with the required expert report under section 74.351, insisting that the plaintiff's undisputed service of a report while the matter was pending in *federal* court should be disregarded. *Id.* The court denied the motion and held that serving the report, even if it was done while the case was in federal court, discharged the plaintiff's responsibility; the court further rejected the defendant's argument that giving state-court effect to an event that occurred in federal court would force it into a "Hobson's choice" between challenging the report in federal or state court. *Id.* at 421–22.

Although the forum has changed, the same health care liability claim against the Baylor Defendants has been pending since Plaintiff first filed this case in July 2017. Section 74.351's dual legislative purposes—giving the defendant adequate notice and screening unmeritorious claims for the court's benefit—are both served here by a faithful application of the statute's 120-day deadline. That deadline expired on December 19, 2017, and the report was already long

14

overdue by the time the case was remanded on February 6, 2018. The Baylor Defendants did not immediately pounce with a motion to dismiss or deprive Plaintiff a "grace period" in which to file his overdue report once remand had occurred. Instead, they waited until April 6 to seek dismissal—two months after remand and 228 days after they had filed their Answer. Plaintiff had more than enough time to comply with section 74.351, and he never did. So the Baylor Defendants quite reasonably filed a motion to dismiss when they did, and, by the same token, the Cook Defendants quite reasonably removed the case when *they* did.

This Court should heed the guidance of the Texas courts, recognize that section 74.351 means what it says, and follow that insight to the conclusion that the Baylor Defendants are improperly joined because Plaintiff's claim against them is doomed to dismissal. *See Estate of Allen*, 2011 WL 2993259, at *4 ("The absence of any language allowing for tolling [in section 74.351] is particularly telling given that the legislature has explicitly authorized the tolling of other deadlines related to health-care-liability claims."); *Otero v. Alonzo*, 2011 WL 765673, at *2 (Tex. App.—Corpus Christi Mar. 3, 2011) (observing that section 74.351 is not subject to any "good faith" or "due diligence" exceptions and affirming that when a plaintiff misses the deadline, "the trial court is without discretion to deny the defendant's motion to dismiss") (citations omitted).

### 2. At the time of removal, there was no reasonable possibility that Plaintiff's claim against the Baylor Defendants would succeed in state court.

In the alternative to his argument that section 74.351 cannot serve as grounds for improper joinder at all, Plaintiff asserts that the Baylor Defendants were not improperly joined on the facts of this case. Pl.'s Mot. at 11–13. Disputing the language used in Cook's notice of removal, Plaintiff denies that the Baylor Defendants' filing of a motion to dismiss on TMLA

grounds is "the last step necessary to render . . . [P]laintiff's claim untenable" in state court. *Id.* at 12. In support of this theory, he cites two decisions of this Court—seemingly without recognizing that both cases highlight the very factual distinctions that compel a finding of improper joinder in *this* case.[13] *Id.* at 12–13.

Plaintiff relies principally on *Parsons v. Baylor Health Care System*, 2012 WL 5844188 (N.D. Tex. Nov. 19, 2012). In *Parsons*, the Northern District of Texas acknowledged that the plaintiffs' failure to serve the non-diverse defendant with the statutorily required expert report "could result in dismissal," rendering that defendant improperly joined, "if [the non-diverse defendant] sought dismissal on this basis." 2012 WL 5844188, at *4. The court reasoned that it could not find improper joinder *prior* to the filing of a motion to dismiss, however, because while the statute provides that a trial court "shall" dismiss the claim upon the health care defendant's motion, there was no way of being certain the health care defendant would actually follow through and file such a motion; under those circumstances, "the mere possibility of dismissal [wa]s not enough to prove improper joinder." *Id.* (citations omitted).

*Rice v. Pfizer, Inc.*, 2006 WL 1932565 (N.D. Tex. July 7, 2006), the second decision Plaintiff cites, is more starkly distinguishable still. There, the court considered whether a non-diverse defendant was improperly joined where the plaintiff had violated TEX. CIV. PRAC. & REM. CODE § 74.051, a separate provision of TMLA chapter 74 requiring a plaintiff to provide a notice of claim to each prospective health care provider defendant at least 60 days before filing suit. 2006 WL 1932565, at *3. The court concluded that the plaintiff's health care liability

---

[13] Because both the cases that Plaintiff cites in this section of his argument grounded their analyses of the improper joinder question—as instructed by the Fifth Circuit in *Smallwood*—in an assessment of how section 74.351 impacted whether the Plaintiff's claim against the non-diverse defendant had a reasonable possibility of success in state court, each of them further undermines Plaintiff's primary argument that consideration of section 74.351 for this purpose is somehow impermissible because section 74.351 does not "apply" in federal court.

16

claim was not doomed in state court, and that the non-diverse defendant was not improperly joined, for a simple reason: under Texas law, dismissal is not the proper remedy for a violation of § 74.051. *Id.* (citing *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex. 1983)).

Here, unlike in *Parsons*, the non-diverse defendant has actually filed the motion to dismiss that triggers mandatory dismissal. *See* Ex. E. And here, unlike in *Rice*, the applicable statute *mandates* that the trial court dismiss the claim, upon the motion of the affected defendant, if the plaintiff fails to comply with its deadline. TEX. CIV. PRAC. & REM. CODE § 74.351(b). Far from aiding his cause, then, these cases actually undermine his argument for remand.

As Cook noted in its second notice of removal, a better source of guidance is Judge Young's order denying remand in *Incavo v. Cook Incorporated*, a case that had been removed from Illinois court and transferred to the Cook MDL. *See* Ex. G (*Incavo v. Cook Incorporated*, Case No. 1:16-cv-06047-RLY-TAB (Filing No. 41)). That case involved an Illinois statute, 735 ILCS 5/2-622, requiring that a plaintiff in a health care negligence claim provide, contemporaneously with her complaint or within 90 days of filing if good cause for delay is shown, a report from a health care professional buttressing the claim. The statute expressly states that failure to comply with the expert report requirement is "grounds for dismissal." 735 ILCS 5/2-622(g). Applying the Seventh Circuit's similar fraudulent joinder standard, the Court denied the plaintiff's motion for remand and held that because the plaintiff had not filed a timely expert report, he had no "reasonable possibility of success" on his claim in Illinois court. Ex. G at 6–7.

Plaintiff contends that this Court should not find Judge Young's *Incavo* order persuasive for two reasons. Pl.'s Mot. at 17–19. First, he notes that the Illinois statute is not identical to the Texas one, in that it is triggered by the filing of a complaint rather than an answer; second, he

17

insists that the deadline in *Incavo* was a "date certain," while Plaintiff never had a deadline to serve his report here because the Baylor Defendants answered in federal court rather than state court. This attempt to distinguish *Incavo* is nothing more than a circular restatement of Plaintiff's previous argument that section 74.351cannot serve as an anchor for the Court's improper joinder analysis. Section 74.351 speaks just as clearly as does the Illinois statute, and Plaintiff has pointed to no material distinctions that would render Judge Young's reasoning less persuasive here than it was on the facts of *Incavo*.

This Court need not engage in speculation based on the "mere possibility" of dismissal in state court. *Cf. Parsons*, 2012 WL 5844188, at *4. Plaintiff does not deny that the Baylor Defendants answered in August 2017, that more than 120 days elapsed after that Answer without Plaintiff serving an expert report on the Baylor Defendants, and that the Baylor Defendants duly filed a motion to dismiss on April 6. On these facts, there is "no reasonable basis for the district court to predict" that the plaintiff might be able to recover on his medical malpractice claim against the Baylor Defendants. *See Smallwood*, 385 F.3d at 573.

## CONCLUSION

The Court should stay its ruling on Plaintiff's Motion to Remand pending transfer to the MDL. Alternately, because the Baylor Defendants are improperly joined, the Court should deny Plaintiff's Motion to Remand and retain jurisdiction.

Dated: April 27, 2018

18

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By:    */s/ T. Christopher Trent*
      T. Christopher Trent
      State Bar No. 20209400
      Raphael C. Taylor
      State Bar No. 00788514
      Peter A. Querubin
      State Bar No. 24077654
919 Milam Street, Suite 1500
Houston, Texas 77002
(713) 222-2323 - Telephone
(713) 222-2226 - Facsimile
Email:  ctrent@johnsontrent.com
Email:  rtaylor@johnsontrent.com
Email:  pquerubin@johnsontrent.com

**FAEGRE BAKER DANIELS LLP**

Brian J. Paul
State Bar No. 22501-29 (IN)
300 N. Meridian Street
Suite 2700
Indianapolis, IN  46204
(317) 237-0300
(317) 237-1000 (FAX)
Email: brian.paul@faegrebd.com

**ATTORNEYS FOR COOK DEFENDANTS**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was electronically filed and thus served on the attorneys of record in accordance with TEX. R. CIV. P. 21a. on April 27, 2018.

Richard A. Capshaw                                                          *Via ECF*
CAPSHAW AND ASSOCIATES
3500 Maple Street, Suite 1100
Dallas, Texas  75219

Tim K. Goss                                                                  *Via ECF*
Rich Freese
Peter de la Cerda
Kevin L. Edwards
FREESE & GOSS, PLLC
3500 Maple Ave., Ste. 1100
Dallas, Texas 75219

David P. Matthews                                                            *Via ECF*
Julie L. Rhoades
Lizy Santiago
MATTHEWS AND ASSOCIATES
2509 Sackett Street
Houston, Texas  77098

*Attorneys for Plaintiff*

David Criss                                                                  *Via ECF*
CRISS LAW GROUP, PLLC
12222 Merit Drive, Ste. 1350
Dallas, Texas 75251

*Attorney for Defendant*
*Trent Proffitt, MD*

Joel J. Steed                                                                *Via ECF*
STEED, DUNNIL, REYNOLDS,
 BAILEY, STEPHENSON, LLP
1010 W. Ralph Hall Pkwy, Ste. 200
Rockwall, Texas 75032

*Attorney for Baylor Medical Centers at Garland*
*and McKinney and Baylor Scott & White Health*

*/s/ T. Christopher Trent*
T. Christopher Trent

800513

20

21