IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE STRICKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TRENT PROFFITT, M.D.; | § | Civil Action No. 3:18-cv-00944-C |
| BAYLOR MEDICAL CENTERS AT | § | |
| GARLAND AND MCKINNEY; | § | |
| BAYLOR SCOTT & WHITE HEALTH; | § | |
| COOK INCORPORATED; COOK | § | |
| INCORPORATED a/k/a COOK | § | |
| MEDICAL INCORPORATED; COOK | § | |
| GROUP INCORPORATED; and | § | |
| COOK MEDICAL, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY TO THE COOK DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION TO REMAND OF CASE WRONGFULLY REMOVED FOR THE SECOND TIME**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Lee Strickland, and files his Reply to the Cook Defendants' Response to Plaintiff's Second Motion to Remand of Case Wrongfully Removed for the Second Time, and in support thereof, respectfully show the Court as follows:

## I.
## PROCEDURAL HISTORY

1.   Defendants Cook Incorporated, Cook Medical LLC and Cook Group Incorporated (collectively "the Removing Cook Defendants") removed this case from the 134th District Court of Dallas County, Texas, for the *__first__* time on August 3, 2017, claiming Defendants Trent Profitt, M.D. and Baylor Medical Centers at Garland and McKinney and Baylor Scott & White Health (collectively, "the Baylor Defendants") were fraudulently misjoined.

2. This case was subsequently transferred to the MDL on August 30, 2017. On February 6, 2018, Judge Young in the United States District Court of Indiana – Indianapolis Division, who is the presiding judge in the Cook IVC MDL, *In Re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Product Liability Litigation* found joinder was proper and remanded the case back to the proper court, the 134th District Court, Dallas County, Texas.

3. Plaintiff's case was remanded and reopened in the 134th Judicial District Court, Dallas County, Texas on February 20, 2018.

4. The Removing Cook Defendants then filed their ***second removal*** on April 13, 2018, claiming this time that Plaintiff's claims against the Baylor Defendants are fraudulently joined.[1]

5. In their Notice of Removal, the Removing Cook Defendants rely on the Motion to Dismiss based on Chapter 74 of the Texas Civil Practice & Remedies Code filed by the Baylor Defendants in the 134th Judicial District Court as their sole basis for this ***second removal***.[2]

6. Plaintiff filed his Second Motion to Remand and Brief in Support of Wrongfully Removed Case for the Second Time on April 19, 2018.[3]

7. On April 20, 2018, this Court issued an Order providing that any response to Plaintiff's Second Motion to Remand must be filed by 3:00 p.m. on Friday, 4/27/2018; and a reply must be filed by 3:00 p.m. on Wednesday, 5/2/2018.[4] The Court further ordered that no extensions will be granted.[5]

8. The Cook Defendants filed their Response on April 27, 2018.[6]

---

[1] *See* Notice of Removal with Jury Demand, Document No. 1.
[2] *Id*.
[3] *See* Plaintiff's Second Motion to Remand, Document No. 9 and Plaintiff's Brief in Support of Second Motion to Remand, Document No. 10.
[4] *See* Order dated 4/20/2018, Document No. 11.
[5] *Id.*
[6] *See* the Cook Defendants' Response to Plaintiff's Second Motion to Remand, Document No. 14.

9. Plaintiff now files this brief Reply to address filings by the healthcare defendants that support Plaintiff's position and also support the granting of Remand in this matter.

## II.
## FILINGS OF HEALTHCARE DEFENDANTS IN SUPPORT OF REMAND

10. Following the Cook Defendants' second removal of this matter, the United States Panel on Multidistrict Litigation ("JPML") issued Conditional Transfer Order 61 (CTO-61) on April 18, 2018.[7] Pursuant to JPML rules, the deadline for the parties to file Notices of Opposition to CTO-61 was April 25, 2018.

11. On April 25, 2018, Plaintiff timely filed his Notice of Opposition to CTO-61.[8] Plaintiff filed his Notice of Opposition to CTO-61 in an effort to keep this matter from being automatically transferred to MDL 2570 prior to this Court considering the threshold issue of subject matter jurisdiction.

12. In addition to Plaintiff filing his Notice of Opposition to CTO-61, both of the healthcare defendants in this matter, Dr. Trent Proffitt and the Baylor Defendants, filed their Notices of Opposition to CTO-61.[9] Both of the healthcare defendants filed their Notices of Opposition to CTO-61 in an effort to prevent this matter from being automatically transferred to MDL 2570.

13. Based on the experience of counsel for Plaintiff, Notice of Opposition to CTOs by healthcare defendants is extremely rare. Rather, healthcare defendants typically do not file Notices of Opposition and remain in the case until the MDL issues a remand. Here, both healthcare defendants filed Notices of Opposition to CTO-61, presumably because they believe removal by

---

[7] See Conditional Transfer Order 61 (CTO-61) issued April 18, 2018 in Civil Docket Case #: TXN/3:18-cv-00944, Document No. 1 of the JPML Docket.
[8] *See* Plaintiff's Notice of Opposition to CTO-61, Document No. 4 of the JPML Docket.
[9] *See* Defendant Trent Proffitt's Notice of Opposition to CTO-61, Document No. 3 of the JPML Docket; *See* the Baylor Defendants' Notice of Opposition to CTO-61, Document No. 7 of the JPML Docket.

the Cook Defendants was improper and because they do not believe this matter should remain in federal court.

13.     On April 27, 2018 Defendant Proffitt filed his own Motion to Remand in this matter.[10]  In agreement with the arguments made by Plaintiff, Defendant Proffitt argues that "the mere filing of a Motion to Dismiss [pursuant to Chapter 74 of the Texas Rules of Civil Procedure] does not automatically dispose the case as their [the Cook Defendants] Notice of Removal would suggest."[11]  Defendant Proffitt further argues, just as the Plaintiff argues in his Second Motion for Remand, that the Cook Defendants "rely on the incorrect standard regarding improper joinder of the Baylor Defendants."[12]  Furthermore, Defendant Proffitt argues that "nothing in the case has changed" since the case was remanded to state court and "the case is in the exact status as it was when the Court remanded the case on February 6, 2018."[13]

14.     The Cook Defendants rely upon unsupported arguments that the lack of a Chapter 74 report entitles them to a proper removal.  However, as is clearly argued in Defendant Proffitt's Motion to Remand, as well as in Plaintiff's Second Motion to Remand, the mere filing of a Motion to Dismiss does not warrant removal by the Cook Defendants.

15.     Plaintiff would show that the Notices of the healthcare defendants in Opposition to CTO-61, as well as the Motion to Remand filed by Defendant Proffitt, which includes arguments almost identical to those made by Plaintiff in his Second Motion to Remand, are further support as to why this matter should be remanded to the 134th Judicial District Court, Dallas County, Texas, where Plaintiff originally and properly filed.

---

[10] *See* Defendant Trent Proffitt, M.D.'s Motion to Remand, Document No. 12.
[11] *Id.* at ¶7.
[12] *Id.*
[13] *Id.* at ¶8.

16.     Although this Court's April 20, 2018 Order set a deadline of no later than 3:00 p.m. on Wednesday, May 2, 2018 for Plaintiff to file a reply, Plaintiff hereby files his reply and is in need of no additional time.  Therefore, Plaintiff would show that the issue is now ripe for ruling by this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court remand this case to the 134th District Court of Dallas County, Texas, and for such other and further relief, either at law or in equity, to which Plaintiff has shown or will show himself justly entitled.

Respectfully Submitted,

_____
**Tim K. Goss**
Texas Bar No. 08222660
tim@freeseandgoss.com
**Rich Freese**
*(pro hac vice application forthcoming)*
rich@freeseandgoss.com
**Kevin L. Edwards – Of Counsel**
Texas State Bar No. 24040853
Kevin@edwardsdelacerda.com
**Peter de la Cerda – Of Counsel**
Texas Bar No. 24045769
peter@freeseandgoss.com
**Freese & Goss, PLLC**
3500 Maple Ave., Ste. 1100
Dallas, TX  75219
P:  214-761-6610
F:  214-761-6688

**David P. Matthews**
Texas Bar No. 13206200
dmatthews@thematthewslawfirm.com
**Julie L. Rhoades**
Texas Bar No. 16811710
jrhoades@thematthewslawfirm.com
**Matthews and Associates**
2509 Sackett St.
Houston, TX  77098
P:  713.522.5250

F:  713.535.7184

**Richard A. Capshaw**
State Bar No. 03783800
richard@capslaw.com
**Capshaw & Associates**
3500 Maple Ave., Ste. 1100
Dallas, TX  75219
P:  214-761-6610
F:  214-761-6611

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk for the United States District Court for the Northern District of Texas pursuant to its electronic case filing system (ECF).  The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

Certified to the 27th day of April, 2018 by:

**Tim K. Goss**