IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEE STRICKLAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRENT PROFFITT, M.D., *et al.*, )<br>)<br>)<br>Defendants. ) | Civil Action No. 3:18-CV-0944-C |

## **ORDER**

On this day, the Court considered:

(1) Defendants Cook Incorporated, Cook Medical, LLC, and Cook Group Incorporated's (The Cook Defendants) Opposed Motion to Stay All Proceedings Pending the JPML Decision on Transfer to MDL No. 2570, filed April 17, 2018;

(2) Plaintiff Lee Strickland's Response in Opposition to the Cook Defendants' Second Motion to Stay Wrongfully Removed Case, filed April 18, 2018;

(3) Plaintiff's Second Motion to Remand of (sic) Case Wrongfully Removed for the Second Time, filed April 19, 2018;

(4) Defendant Trent Proffitt, M.D.'s Motion to Remand, filed April 27, 2018;

(5) The Cook Defendants' Opposition to Plaintiff's Motion to Remand, filed April 27, 2018;

(6) The Cook Defendants' [Opposed] Motion for Leave to File Reply in Support of Motion to Stay All Proceedings Pending the JPML Decision on Transfer to MDL, filed April 27, 2018;

(7) The Cook Defendants' Reply in Support of Motion to Stay All Proceedings Pending the JPML Decision on Transfer to MDL, deemed filed as of April 27, 2018;

(8) Plaintiff's Reply to the Cook Defendants' Response to Plaintiff's Second Motion to Remand, filed April 27, 2018;[1] and

(9) The Cook Defendants' Opposition to Defendant Trent Proffitt, M.D.'s Motion to Remand, filed May 2, 2018.

The Court is of the opinion that the Cook Defendants' Motion for Leave to File Reply should be **GRANTED**. The Reply is **DEEMED FILED** as of April 27, 2018. Having considered the foregoing, the Court is further of the opinion that the Motion to Stay should be **DENIED** and the two Motions to Remand should be **GRANTED**.

## I. BACKGROUND

The above-styled and -numbered civil action is before this Court for a second time, having been removed again following a prior remand. In July 2017, Plaintiff Lee Strickland filed a petition in the 134th Judicial District Court of Dallas County, Texas, alleging injuries caused by a medical device implant. Strickland, a citizen of Texas, named multiple defendants which the Court separates into two groups for the purposes of this Order. The first group (The Cook Defendants) includes Cook Incorporated, Cook Medical, LLC,[2] and Cook Group Incorporated, all of which are citizens of Indiana. The second group (The Medical Defendants) includes Baylor Medical Centers at Garland and McKinney, Baylor Scott & White Health (both citizens of Texas), and Dr. Trent Proffitt, M.D. (a citizen of New Mexico). The Cook Defendants removed the case to this Court, arguing that Strickland's negligence claims against the Medical Defendants were so factually and legally unrelated to the products liability claims against the

---

[1] Plaintiff's Reply was authorized by the Court's Order of April 20, 2018, and therefore complies with the undersigned's Judge Specific Requirements.

[2] Cook Medical LLC was incorrectly named by Plaintiff as "Cook Incorporated a/k/a Cook Medical Incorporated" and "Cook Medical, LLC."

Cook Defendants that they should be disregarded as fraudulently misjoined. The case was transferred to MDL No. 2570 in the United States District Court for the Southern District of Indiana. The MDL court ultimately rejected the Cook Defendants' misjoinder argument and remanded the case to the 134th Judicial District Court.

Back in state court, the Medical Defendants filed motions to dismiss Strickland's claims against them based on Strickland's alleged failure to comply with the deadlines of Texas Civil Practice and Remedies Code § 74.351(a). The Cook Defendants—without waiting for the state court to rule on those motions—quickly removed to this Court for a second time, arguing that the inevitable dismissal of the Medical Defendants created a new basis for removal: that these Defendants were now improperly joined because Strickland has no possibility of recovery against them on his negligence claims.[3] Days after the second removal, the Cook Defendants once again sought a transfer to the MDL in Indiana and filed a motion asking this Court to stay any ruling on a possible motion to remand until the transfer had been effected. Strickland promptly opposed that motion to stay and filed a motion to remand, for which the Court ordered expedited briefing. Defendant Trent Proffitt, M.D. also filed a motion to remand, agreeing with Strickland that the Cook Defendants lacked a proper basis for their second removal. Each of these motions is now fully briefed and ripe for consideration.

---

[3] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*.") (emphasis in original). The Fifth Circuit has clarified that the right to a second removal is not dependent on the actual theory asserted (i.e. the basis for federal jurisdiction), "but rather the pleading or event that made the case removable." *Id.* "If the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the remand order and, therefore, is not barred by res judicata." *Id.* at 493.

## II. STANDARDS

### A. Motion to Stay

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). To determine whether a stay is appropriate, the Court weighs the competing interests of the parties and the Court. *See Landris v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Miramore Trust v. United Van Lines, LLC*, No. 3:15-CV-3049-D, 2017 WL 661374, at *4 (N.D. Tex. Feb. 17, 2017).

### B. Motion to Remand

The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

Where charges of improper joinder are used to establish diversity jurisdiction, the removing party has the heavy burden of proving the improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). This can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Mumfrey*, 719 F.3d at 401. To prove an allegation of improper joinder, the defendant must demonstrate that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The existence of even a single valid cause of action against an in-state defendant requires remand. *Gray ex rel.*

*Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). All disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the non-removing party. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

In deciding on an issue of improper joinder, the Court may resolve the issue in one of two ways: (1) the Court may conduct a 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant, and if a plaintiff can survive a Rule 12(b)(6)-type challenge, then there is no improper joinder; or (2) the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The decision regarding the procedure necessary in a given case must lie within the discretion of the trial court. *Id.* However, the Court must not "pre-try" substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is improper. *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Court also must not decide whether the plaintiff will actually or even probably prevail on the merits, but must look only for a *possibility* that plaintiff may do so. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). If the possibility exists that a plaintiff may prevail, then "a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." *B., Inc.*, 663 F.2d at 550 (internal quotations and citations omitted).

### III. DISCUSSION

#### A. Cook Defendants' Motion to Stay

The Cook Defendants urge this Court to stay any ruling on the pending motions to remand while they seek a transfer to the MDL in the Southern District of Indiana. These

Defendants argue that the MDL court should decide the propriety of federal jurisdiction and that deferring this ruling to the MDL court will avoid the risk of inconsistent rulings. This Court disagrees for the reasons persuasively set forth in Strickland's response to the motion to stay. It is well within this Court's power (and is even the Court's duty) to determine whether Defendants have properly invoked federal jurisdiction prior to allowing this case to proceed any further in federal court. The Court, mindful of the preeminence of jurisdictional issues and exercising its discretion to control its own docket, is of the opinion that there is no good reason to delay ruling on the motions to remand. Accordingly, the Cook Defendants' Opposed Motion to Stay is denied in all respects.

### B. Plaintiff's and Defendant Proffitt's Motions to Remand

Plaintiff and Defendant Proffitt have both filed motions to remand, asking this Court to find that the Cook Defendants have failed to carry their heavy burden to show improper joinder.

As a preliminary matter, the Court is not certain that the Cook Defendants have sufficiently demonstrated a new event that makes this case removable for a second time. *See S.W.S. Erectors*, 72 F.3d at 492. While motions to dismiss have been filed in state court, those motions themselves do not appear to have created a new basis for federal jurisdiction or changed the facts in such a way that removal is now appropriate; as explained below, the motions to dismiss have not been resolved and all of the defendants remain in the case as of the date of removal, in the same position that they were in at the time of remand. It is unclear why the Cook Defendants acted so quickly to seek a return to federal court without waiting for the state court to resolve the motions to dismiss, and it is concerning that the Cook Defendants seek to convince this Court that Strickland's claims against the Medical Defendants are "doomed" and certain to

be dismissed (creating an alleged need for this Court to predict how the state court will rule on the motions to dismiss) when waiting for the state court to actually rule on the motions would have resolved the issue definitively and eliminated any need to predict likely state court action. At any rate, the Court finds that there has not been a sufficient change in the underlying facts to give the Cook Defendants a new right to seek removal, and remand is appropriate on this ground alone.

Assuming that the Court did find the Cook Defendants' new removal argument to be legitimate, the Court would still reject their improper joinder argument on its merits. This Court's duty in resolving a question of improper joinder is to consider only whether there is any *possibility* that the Plaintiff may recover on his claims against the non-diverse Defendant. *Guillory*, 434 F.3d at 309. The Court finds that such a possibility exists here.

As noted above, the Medical Defendants filed motions to dismiss in state court based on Plaintiff's alleged failure to comply with the deadlines of Texas Civil Practice and Remedies Code § 74.351(a). Plaintiff argues to this Court that his obligation to tender expert report requirements was never triggered by the Medical Defendants' 2017 answer in the Southern District of Indiana (following the first removal and transfer to the MDL) because the requirements of Section 74.351(a) do not apply in federal court and the Defendants never answered in state court before the state court was divested of its jurisdiction. This Court, without expressing any view on the merits of that argument, finds that the argument is a legitimate theory under which Strickland may be able to overcome the motions to dismiss and proceed against the

7

Medical Defendants.[4]  It is possible that the state court will reject Strickland's argument and dismiss the Medical Defendants; but it is just as possible that the state court will find the argument meritorious and deny the Medical Defendants' motions to dismiss.  The fact remains that the Medical Defendants have *not* been dismissed at this time and any speculation as to their eventual dismissal remains just that—speculation.[5]

The relevant facts of this case are undisputed: (1) two of the Medical Defendants share Texas citizenship with the Plaintiff; (2) Plaintiff has asserted plausible claims for relief against the Medical Defendants;[6] and (3) as of the date of removal, the Medical Defendants' motions to

---

[4]The Court does not express any view on whether Strickland's argument should ultimately prevail under state law; that is for the state court to decide on remand.  But the Court does find it curious that the presumptive position of the Defendants (that Strickland should have served the expert reports while the case was pending in federal court) would seem to conflict with the Fifth Circuit's recent holding that the provisions of Section 74.351 do not apply in federal court. *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 295 (5th Cir. 2016).  If Defendants' position is correct, then a Plaintiff would need to *comply* with *non-applicable* state procedural requirements after removal to federal court in order to preserve his claims in state court *just in case* those claims are eventually remanded.

[5]The Cook Defendants argue that dismissal of the Medical Defendants is inevitable because Texas precedent "establishes that the state court would treat the section 74.351 expert report window as active even during a period when the matter is pending in federal court."  Cook Defs.' Opp. to Pl.'s Mot. to Remand 14.  But the only Texas precedent cited by Defendants in support of this argument is an opinion from the San Antonio Court of Appeals. *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Ripley*, 230 S.W.3d 419 (Tex. App.—San Antonio 2007, no pet.). *Ripley* has never been cited by the Dallas Court of Appeals or the Supreme Court of Texas, and its holding is not binding on the 134th Judicial District Court of Dallas County, Texas.  More importantly, *Ripley* is distinguishable on its facts and does not even directly address the legal question presented here.  This Court is not persuaded that the Cook Defendants have conclusively demonstrated that Strickland has *no possibility* of maintaining his claims against the Medical Defendants under state law.

[6]The Cook Defendants have never challenged the plausibility of any claims asserted against the Medical Defendants but have based their improper joinder argument only on an allegation that Strickland's claims against the Medical Defendants "are doomed" for procedural reasons.

dismiss have not been resolved and the Medical Defendants have not been dismissed from the litigation. Any uncertainty as to whether the Medical Defendants are still properly in the case is a predicament of the Cook Defendants' own making, caused by removing this case without waiting for the state court's ruling. The undisputed facts reveal that Strickland still has a possibility of recovery against the Medical Defendants in state court at this time, and the Cook Defendants have therefore failed to carry their heavy burden to demonstrate improper joinder.

### IV. CONCLUSION

The Cook Defendants' Motion for Leave to File Reply is **GRANTED**. The Reply is **DEEMED FILED** as of April 27, 2018.

For the foregoing reasons, and those more thoroughly set forth in the briefing of Plaintiff and Defendant Proffitt, the Court holds that: (1) there is no just reason to delay a resolution of the pending motions to remand, and the Cook Defendants' Opposed Motion to Stay is therefore **DENIED**; and (2) the Cook Defendants have failed to establish that the non-diverse Medical Defendants were improperly joined, and the Motions to Remand filed by Plaintiff and Defendant Proffitt are therefore **GRANTED**.

IT IS ORDERED that the above-styled and -numbered civil action is **REMANDED** to the 134th Judicial District Court of Dallas County, Texas. 28 U.S.C. § 1447(c). The Clerk of this Court shall mail a certified copy of this Order to the District Clerk of Dallas County, Texas.

SO ORDERED this 4th day of May, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE